**Edward B. LYON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 225–89.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 12, 1994.

---

Roy E. Greenwood, Austin, for appellant.

Edward B. Lyon, Jr., pro se.

John F. Miller, Jr., Dist. Atty., and James Elliott, Asst. Dist. Atty., Texarkana, Robert Huttash, State's Atty., Austin, for State.

---

1. The record reflects no pretrial motions were filed in the case.

2. The record also reflects appellant was unrepresented by counsel in his appeal to the Court of Appeals even though the trial court made a finding appellant was indigent and ordered the preparation of the transcript and statement of facts at taxpayers' expense to be furnished "to the Defendant, Pro-se." The record reflects appellant has refused court-appointed counsel from Bowie

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant was convicted of murder based on a negotiated guilty plea. The trial court sentenced appellant to life imprisonment within the terms of his agreed plea-bargain with the State. See Article 1.15, V.A.C.C.P.

Acting pro se, appellant filed a notice of appeal pursuant to Tex.R.App.Pro. 40(b)(1). In that notice, appellant requested the trial court to grant him permission to appeal (1) pretrial motions,[1] (2) violations of appellant's due process rights, and (3) ineffective assistance of counsel. The trial court denied this request by written order. Appellant also filed an affidavit of indigence and moved the trial court to furnish him with the transcript and statement of facts so he could pursue a pro se appeal. The trial court found appellant was indigent and granted that motion.[2]

In his appeal to the Texarkana Court of Appeals, appellant presented the following points of error: (1) the trial judge was disqualified from sitting in appellant's case under Article V, Section 11 of the Texas Constitution, Article 30.01, V.A.C.C.P., and the Texas Code of Judicial Conduct, because the trial judge's daughter was married to the victim's brother, and the trial judge's son was the prosecutor in appellant's case, (2) appellant's guilty plea was coerced and involuntary, (3) the trial court erred in failing to admonish appellant concerning his appellate rights as required by Article 26.13(a)(3), V.A.C.C.P., (4) the trial court erred in accepting appellant's guilty plea because there was insufficient evidence to support his plea and conviction, (5) appellant received ineffective assistance of counsel in connection with his guilty plea, and (6) appellant's counsel had a conflict of interest in representing appellant dur-

County. After granting appellant's pro se petition for discretionary review, we allowed pro bono counsel to represent appellant "without court appointment or being retained." We have considered the briefs and other documents filed by appellant and pro bono counsel. The State has not filed a brief; it filed a document here stating its position is adequately set out in the five-page brief it filed in the Court of Appeals.

ing the plea proceedings because he also represented appellant's codefendant.

The Court of Appeals, in effect, held it had jurisdiction to address only appellant's jurisdictional issues because appellant's notice of appeal did not comply with the "but" clause of Rule 40(b)(1).[3]  *Lyon v. State*, 764 S.W.2d 1 (Tex.App.—Texarkana 1988).  The Court of Appeals addressed the issues relating to the trial judge's relationship to the victim and the prosecutor, and held it had no jurisdiction to address the other issues.  *Id.* at 1 n. 2.  The Court of Appeals affirmed the conviction and held the trial judge's relationship to the victim and the prosecutor did not disqualify him from sitting in the case.  *Id.* at 1 n. 2, and 2.

We granted the following grounds for review in appellant's petition for discretionary review: whether the Court of Appeals erred (1) in holding it had jurisdiction to review only jurisdictional issues, (2) in failing to address appellant's ineffective assistance of counsel claim, (3) in failing to address appellant's sufficiency claim, and (4) in holding the trial judge's relationship to the victim did not disqualify him from presiding over appellant's prosecution under Article V, Section 11, supra, Article 30.01, supra, or the Texas Code of Judicial Conduct.  We affirm the judgment of the Court of Appeals.

Our caselaw on how a defendant, in an appeal from a plea-bargained conviction, confers jurisdiction on a Court of Appeals to address certain issues is not exactly a model of clarity and concise legal analysis.  See, e.g., *Lemmons v. State*, 818 S.W.2d 58, 63 n. 6 (Tex.Cr.App.1991); *Morris v. State*, 749 S.W.2d 772, 778, 778–80 (Tex.Cr.App.1986) (Clinton, J., dissenting) ("Appellant has been

blindsided!"); *Morgan v. State*, 688 S.W.2d 504, 507 (Tex.Cr.App.1985) ("some [defendants] have 'successfully navigated the procedurally hazardous passageway of [former Rule 40(b)(1) ],' . . . . but most have failed to steer clear of rocks and shoals"); *Morgan*, 688 S.W.2d at 508–24 (Onion, P.J., dissenting); *King v. State*, 687 S.W.2d 762, 764–66 (Tex.Cr.App.1985); *King*, 687 S.W.2d at 767 (Teague, J., dissenting) ("Color me not only amazed, but do it in chartreuse").  Although these cases are not exactly on point with this case, they illustrate the conflicting views of this Court in this area of the law.  There also are conflicting views among the Courts of Appeals on the effect of the "but" clause in Rule 40(b)(1).  See *Lemmons*, 818 S.W.2d at 62.

■ The right to appeal a criminal conviction is a substantive right solely within the province of the Legislature.  *Lemmons*, 818 S.W.2d at 62.  Before 1977, a defendant in a criminal action had a general right to appeal anything.  Article 44.02, V.A.C.C.P., as enacted in 1925;[4] former Article 813, C.C.P. 1925; *Lemmons*, 818 S.W.2d at 59; *Morris*, 749 S.W.2d at 778–80.  However, as a matter of decisional law, we held a guilty plea waived all nonjurisdictional defects in the prior proceedings; this rule is commonly known as the *Helms* rule.[5]  See also *Morris*, 749 S.W.2d at 779.  But, the *Helms* rule discouraged guilty pleas, and caused a defendant, who wanted to preserve his appellate issues, to force the State to a full trial on the merits.  See *Morris*, 749 S.W.2d at 779; but see *Morgan*, 688 S.W.2d at 513–14.  Apparently, this cost the State a lot of money.  See *Morris*, 749 S.W.2d at 779.

---

3. In relevant part, Rule 40(b)(1) states:
   "Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases.  Notice of appeal shall be given in writing filed with the clerk of the trial court.  Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; *but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to pros-*

*ecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. . . ."* (Emphasis Supplied).

4. Article 44.02 provided:
   "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed."

5. *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App. 1972).

In response to this situation, the Legislature added the following proviso to Article 44.02 in 1977: [6]

> "... *provided however, before the defendant [who has been convicted based on a negotiated plea and the trial court assesses punishment recommended by the prosecutor and agreed to by the defendant and his attorney] may prosecute his appeal, he must have the permission of the trial court, except on those matters which have been raised by written motion filed prior to trial...."* [7] (Emphasis Supplied).

This proviso was a limited abrogation of the *Helms* rule; it allowed some appellate issues to be addressed on their merits in negotiated plea situations where the *Helms* rule otherwise applied in order "to conserve judicial resources by encouraging guilty pleas," and to prevent "windy" appeals. See *Morris,* 749 S.W.2d at 779 n. 12; *Morgan,* 688 S.W.2d at 513–14; *King,* 687 S.W.2d at 765. [8]

This Court eventually decided a defendant's failure to comply with the proviso to Article 44.02 was jurisdictional, and a defendant had to obtain the trial court's permission to appeal a nonjurisdictional defect occurring after entry of the plea. See *Morris,* 749 S.W.2d at 774–75. In *Morris,* we held the Court of Appeals lacked jurisdiction to address the sufficiency of the evidence to support the defendant's plea-bargained conviction under Article 1.15, a nonjurisdictional defect occurring after entry of the plea, because the defendant failed to comply with the proviso to Article 44.02 by not obtaining the trial court's permission to appeal that issue. *Morris,* 749 S.W.2d at 774–75; see also *Mor-*

*gan,* 688 S.W.2d at 515 ("If a defendant falls within the [proviso to Article 44.02], he has no right of appeal at all without the permission of the trial court save and except the appeal from rulings on certain pretrial matters").

By order dated December 18, 1985, this Court repealed the proviso to Article 44.02, and replaced it with Rule 40(b)(1), effective September 1, 1986. [9] See *Lemmons,* 818 S.W.2d at 62. In delegating authority to this Court to promulgate a comprehensive body of appellate rules in criminal cases, the Legislature expressly provided that these rules could not abridge, enlarge or modify the substantive rights of a litigant. [10] In promulgating Rule 40(b)(1), this Court acted on the assumption "that the body of caselaw construing the proviso [to Article 44.02] would prevail and still control." *Lemmons,* 818 S.W.2d at 62. In *Jones v. State,* 796 S.W.2d 183, 187 (Tex.Cr.App.1990), we held compliance with Rule 40(b)(1) was jurisdictional. [11]

In *Davis v. State,* 870 S.W.2d 43 (Tex.Cr. App.1994, decided this date), we held, based on *Morris,* the defendant's "general" notice of appeal under Rule 40(b)(1) in an appeal from a plea-bargained conviction failed to confer jurisdiction on the Court of Appeals to address the defendant's sufficiency of the evidence claim, a nonjurisdictional defect occurring after entry of the plea, and the trial court's ruling on the defendant's pretrial suppression motion, a nonjurisdictional error occurring prior to entry of the plea. *Davis,* 870 S.W.2d at 46–47. This holding also was based on a plain reading of Rule 40(b)(1) that made the rule consistent with *Morris* and the

---

6. See Acts 1977, 65th Leg., p. 940, ch. 351, § 1, eff. August 29, 1977.

7. This proviso literally required a defendant to obtain the trial court's permission to appeal any matter except for those matters raised by written motion filed prior to trial.

8. The *Helms* rule remains viable in an appeal from a conviction based on a guilty plea where no plea bargain has been reached. See *Morgan,* 688 S.W.2d at 515; *King,* 687 S.W.2d at 765.

9. See Act of August 26, 1985, 69th Leg., ch. 685, §§ 1–4, 1985 Tex.Gen.Laws 2472–2475 (autho-

rizing this Court to promulgate rules of procedure and evidence in criminal cases).

10. See Act of August 26, 1985, 69th Leg., ch. 685, § 1, 1985 Tex.Gen.Laws 2472. Now codified in Tex. Gov't Code Ann. § 22.108(a) (Vernon 1988).

11. In *Jones,* the State argued that "appellant's [general] notice of appeal only invoked jurisdiction of the Court of Appeals to consider the limited issues of jurisdictional defects *or matters arising after the entry [of the] plea, and not on the merits of appellant's pre-trial motion [to quash the indictment]."* (Emphasis Supplied) This position is inconsistent with our holdings in *Morris, Davis,* and this case.

admonishment contained in Article 26.-13(a)(3), V.A.C.C.P. *Davis,* 870 S.W.2d at 46. We have to interpret Rule 40(b)(1) this way so as not to modify a defendant's substantive right of appeal that previously existed under the proviso to Article 44.02. See *Davis,* 870 S.W.2d at 46; Tex. Gov't Code Ann. § 22.108(a) (Vernon 1988).

■ Therefore, we hold Rule 40(b)(1) requires a defendant, in an appeal from a plea-bargained conviction, to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial. See *Davis,* 870 S.W.2d at 46–47; *Morris,* 749 S.W.2d at 774–75. A defendant's "general" notice of appeal confers no jurisdiction on a Court of Appeals to address nonjurisdictional defects or errors that occur before or after entry of the plea; a defendant's notice of appeal has to comply with the applicable provisions of the "but" clause of Rule 40(b)(1) to confer jurisdiction on a Court of Appeals to address these types of defects or errors. See *Davis,* 870 S.W.2d at 46–47; *Morris,* 749 S.W.2d at 774–75. A "general" notice of appeal confers jurisdiction on a Court of Appeals to address only jurisdictional issues. See *Davis,* 870 S.W.2d at 46–47; *Morris,* 749 S.W.2d at 774–75.

■ Appellant argues the trial court's order granting him a "free" transcript and statement of facts constituted implied permission to appeal the issues set out in his notice of appeal. We disagree. The record clearly reflects the trial court refused to grant appellant permission to appeal the issues set out in his notice of appeal. Therefore, the Court of Appeals had jurisdiction to consider only appellant's jurisdictional issues. Appellant's first ground for review is overruled.

■ Appellant also argues the Court of Appeals erred in failing to address his sufficiency and ineffective assistance of counsel claims. These are not jurisdictional issues; therefore, the Court of Appeals had no jurisdiction to address them. See *Fairfield v. State,* 610 S.W.2d 771, 779 (Tex.Cr.App.1981) (jurisdiction is the power of the court over the "subject matter" of the case, conveyed by statute or constitutional provision, coupled with "personal" jurisdiction over the accused). Appellant's second and third grounds for review are overruled.

■ Appellant argues the trial judge's relationship to the victim constitutionally and statutorily disqualified him from sitting in the case. This issue is jurisdictional, and the Court of Appeals was correct in addressing it on the merits. See *Ex parte Vivier,* 699 S.W.2d 862, 863 (Tex.Cr.App.1985). The record reflects the trial judge's daughter is married to the victim's brother. The Court of Appeals held the trial judge's relationship to the victim did not disqualify him from sitting in the case. *Lyon,* 764 S.W.2d at 2.

Article V, Section 11 of our Constitution states, in pertinent part:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity, or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case."

Article 30.01, supra, states:

"No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree."

Appellant argues the trial judge and the victim were related by affinity within the third degree. We disagree.

"Affinity is the tie which exists between one of the spouses with the kindred of the other: thus, relations of my wife, her brothers, her sisters, her uncles, are allied to me by affinity, and my brothers, sisters, etc., are allied in the same way to my wife. But my brother and the sister of my wife are not allied by ties of affinity."

*Washburn v. State,* 167 Tex.Crim. 125, 318 S.W.2d 627, 629 (1958) cert. denied, 359 U.S. 965, 79 S.Ct. 876, 3 L.Ed.2d 834 (1959). Here, the victim is not part of the kindred of the trial judge's wife; therefore, no affinity exists between the trial judge and the victim even though the trial "judge's daughter was

related by affinity to the victim." *Lyon,* 764 S.W.2d at 2; see also *Johnson v. State,* 169 Tex.Crim. 146, 332 S.W.2d 321, 322 (1960); *Washburn,* 318 S.W.2d at 639.[12]

■ Finally, appellant contends the trial judge was biased against him in violation of the Texas Code of Judicial Conduct, Tex. Gov't Code Ann., Title 2, Subtitle G—Appendix (Vernon 1988). Where a trial judge is not constitutionally or statutorily disqualified to preside over a case, as here, a trial judge's bias, standing alone, is not error. See *Vera v. State,* 547 S.W.2d 283, 285 (Tex.Cr.App. 1977); *Aldridge v. State,* 170 Tex.Crim. 502, 342 S.W.2d 104, 107 (1960). Therefore, this is not a jurisdictional issue. Appellant's fourth ground for review is overruled.

The judgment of the Court of Appeals is affirmed.

CLINTON, Judge, dissenting.

This Court has addressed the issues raised in this case too recently and with too much unanimity to let today's sudden change of course go unremarked. Because the majority ignores the plain meaning of its own rules and the clear direction of its own precedent, I must dissent.

The majority concedes that "[o]ur caselaw [construing Tex.R.App.Pro., Rule 40(b)(1) and its predecessor, former Article 44.02, V.A.C.C.P.] is not exactly a model of clarity and concise legal analysis." 870 S.W.2d at 45. I agree. See *Morris v. State,* 749 S.W.2d 772, 778–80 (Clinton, J., dissenting). Unfortunately, the majority's opinions today, both in the instant case and in *Davis v. State,* 870 S.W.2d 43 (Tex.Cr.App.1994, delivered this day), serve only to further muddy our jurisprudential waters. This is done in two distinct ways: in the finding that "[a] defendant's 'general' notice of appeal confers no jurisdiction on a Court of Appeals to address nonjurisdictional defects or errors that occur

before or after entry of the plea," 870 S.W.2d at 47; and in the analysis of both the genesis of Rule 40(b)(1) and the extent of the right of appeal granted criminal defendants by the Legislature in Article 44.02, supra. Contrary to the majority's assertions, (1) compliance with Rule 40(b)(1) is in no way jurisdictional; (2) the Legislature did not limit a defendant's substantive right of appeal through its 1977 amendment to Article 44.02; and (3) this Court did, indeed, alter the procedural requisites of an appeal in repealing the proviso to Article 44.02 and replacing it with Rule 40(b)(1). I will address these issues *seriatim.*

### I. Jurisdiction

The majority asserts that "[i]n *Jones v. State,* 796 S.W.2d 183, 187 (Tex.Cr.App.1990), we held compliance with Rule 40(b)(1) was jurisdictional." 870 S.W.2d at 47 (footnote omitted). In this, the majority misreads *Jones,* which quite clearly held:

"We agree with the state that appellant failed to preserve any non-jurisdictional defects for his appeal, *but not because the Court of Appeals lacked jurisdiction.*

Once a notice of appeal has been filed in a case, the Court of Appeals has obtained *jurisdiction* of that cause. Art. V., § 6, Texas Constitution, confers *jurisdiction* of all non-death penalty cases on the courts of appeals."

*Jones,* 796 S.W.2d at 186 (emphasis added).

Rule 40(b)(1) does not limit a court of appeals' jurisdiction. It, instead, "regulates the extent of the grounds upon which a defendant can appeal." *Id.* It is true, of course, that *Morris v. State,* 749 S.W.2d 772 (Tex.Cr.App.1988) held that the "proviso" to Article 44.02 was jurisdictional. It is equally true, however, that, to this extent, *Morris* was wrongly decided, see *id.* (Clinton, J., dissenting), and that it was superseded by

12. Appellant also claims Article 30.01 incorporates the definition of "secondary affinity" contained in Black's Law Dictionary (4th Ed.), which is defined as affinity between "the husband and the wife's relations by marriages [and vice versa]." Appellant argues the trial judge and the victim were related by secondary affinity. Article 30.01 clearly does not include "secondary affinity" as defined in Black's. See also *Johnson,*

332 S.W.2d at 322. Moreover, assuming "affinity" under Article 30.01 included "secondary affinity" as defined in Black's, the victim is not a relation of the trial judge's wife; therefore, appellant's argument fails because the relationship between the trial judge and the victim does not come within the definition of "secondary affinity."

later decisions from this Court, see *Jones,* supra; *Miles v. State,* 842 S.W.2d 278 (Tex. Cr.App.1989) (appeal bond sufficient to confer jurisdiction under Rule 40(b)(1)); *Lemmons v. State,* 818 S.W.2d 58 (Tex.Cr.App. 1991) ("the 'but' clause in Rule 40(b)(1) is not a *jurisdictional* prerequisite"); *Riley v. State,* 825 S.W.2d 699 (Tex.Cr.App.1992) ("notice of appeal is sufficient to vest jurisdiction in a court of appeals").

Our decisions in *Lemmons* and *Riley* make the majority's pronouncements today especially distressing. *Lemmons,* which *specifically* finds that compliance with Rule 40(b)(1) is *not* jurisdictional, was a *per curiam* opinion without dissent.[1] See *Lemmons,* 818 S.W.2d at 63, n. 6. *Riley* drew a dissent from only two judges. *Riley,* 825 S.W.2d at 701.[2] The same jurists who found Rule 40(b)(1) not to be jurisdictional yesterday are finding that it is jurisdictional today. Can we wonder at the confusion in the courts of appeals when this Court blows hot one day and cold the next? See *Moreno v. State,* 866 S.W.2d 660 (Tex.App.—Houston [1st Dist.], 1993).

Let us acknowledge forthrightly the limitations of our own constitutional grant: This Court neither cedes nor rescinds jurisdiction. The jurisdiction of the courts of appeals is set out by the Texas Constitution. That venerable document grants to the courts of appeals "appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." Tex. Const. art. V, § 6 (1891, amended 1980). What the Constitution grants, this Court cannot take away. Short of a proper amendment by the People of Texas, the jurisdiction of the courts of appeals is inviolate.

This is not to say that either Rule 40(b)(1) or its predecessor, the proviso to Article 44.02, are without constitutional authority.

Quite the contrary: The jurisdiction of the courts of appeals is expressly given "under such restrictions and regulations as may be prescribed by law." *Id.* The Legislature, in amending Article 44.02 in 1977, "prescribed by law" the manner in which the courts of appeals are to exercise their jurisdiction. It then delegated that authority to this Court. Tex.Gov't Code Ann. § 22.108. This Court, in promulgating Rule 40(b)(1), likewise "prescribed by law" the manner in which the courts of appeals are to exercise their jurisdiction. We did not *limit* or otherwise rescind that jurisdiction for the simple reason we had no authority to do so.

This Court, without dissent, implicitly recognized this limitation on its own authority in *Lemmons.*[3] We held that Rule 40(b)(1) "instruct[s] that an appeal is perfected by giving written notice to invoke general appellate jurisdiction of the appropriate court of appeals." *Lemmons,* 818 S.W.2d at 62–63. We further noted that the rule "specifies *'when'* an appeal is perfected by appellant" and that "[t]hus the 'but' clause in Rule 40(b)(1) is not a *jurisdictional* prerequisite." *Id.* at 63 n. 6 (emphasis in the original). That the Court today finds otherwise, without even a nod to its recent precedent to the contrary—indeed, without even an acknowledgement of its sudden, inexplicable change of course—might be called sophistry but for its lack of subtlety.

## II. Article 44.02

The majority compounds its error by misconstruing the historical misadventure that created the need for legislation regulating appeals from guilty pleas. Since time out of mind, the Legislature has granted to criminal defendants an unlimited right of appeal. See Article 44.02, supra; Articles 813, 826 & 829, V.A.C.C.P. (1925). That right of appeal has extended to all criminal matters, whether they have arisen from jury verdicts or pleas of guilty or nolo contendere. The first inroad on the unlimited right of appeal was not

---

**1.** Judge Campbell, without stating his reasons, concurred in the result.

**2.** Judges Campbell and Overstreet concurred in the result.

**3.** *See also Carter v. State,* 656 S.W.2d 468 (Tex. Cr.App.1983) ("Once jurisdiction of an appellate court is invoked, exercise of its reviewing function is limited only by its own discretion or a valid restrictive statute.").

enacted by the Legislature, but manufactured by this Court.

I refer, of course, to the so-called *Helms* rule. *Helms v. State*, 484 S.W.2d 925 (Tex. Cr.App.1972). Borrowing uncritically from the habeas corpus jurisprudence of federal courts, we decided that "[w]here a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived." *Id.*, at 927. As I have pointed out on other occasions, the importation of the *Helms* rule into our jurisprudence was both improper, see *Dees v. State*, 676 S.W.2d 403, 405 (Tex.Cr.App.1984) (Clinton, J., dissenting), and flawed, see *King v. State*, 687 S.W.2d 762, 766 (Tex.Cr.App.1985) (Clinton, J., concurring). Nevertheless, the *Helms* rule *was* adopted by this Court,[4] bringing with it, as the majority correctly notes, a major fiscal wart: "[T]he *Helms* rule discouraged guilty pleas, and caused a defendant, who wanted to preserve his appellate issues, to force the State to a full trial on the merits." Maj. op. at 734.

The majority also correctly turns to my dissent in *Morris* (without acknowledging it as such) for explanation of the Legislature's response to the *Helms* rule. *Id.* (citing *Morris* at 779). That response was the 1977 "proviso" amendment to former Article 44.02, which the majority opinion sets forth in full. *Id.*

As I pointed out in *Morris:*

"The effect of the 1977 amendment, as noted by a panel of the Court in *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Cr.App. 1978), was to abrogate the *Helms* rule.... Apparently the purpose behind such legislative abrogation was to 'conserve judicial resources by encouraging guilty pleas' where an accused would otherwise find it necessary to force a full trial on the merits in order to preserve error in the trial court's ruling on a pretrial matter."

4. Properly stated, with due regard for its federal precedents, the *Helms* rule should read thus: "The guilty plea under the circumstances is conclusive as to the defendant's guilt, admits all the facts charged and *waives all non-jurisdictional defects in the prior proceedings.*"

*Morris*, 749 S.W.2d at 779 (footnote omitted). Or, as the majority so succinctly puts it: "Apparently, this cost the State a lot of money." Maj. op. at 734. The "main thrust" of the 1977 amendment was not, as former Presiding Judge Onion once opined in a dissenting opinion, "to eliminate as many appeals as possible and reduce the appellate caseload." *Morgan v. State*, 688 S.W.2d 504, 513 (Tex. Cr.App.1985) (Onion, P.J., dissenting). The "main thrust" was, instead, to unburden the dockets of the district and county courts by allowing defendants to appeal without the necessity of a full trial on the merits. *Morris*, 749 S.W.2d at 779 n. 12. On this issue, the majority and I apparently agree. See Maj. op. at 734 (citing *Morris*, 749 S.W.2d at 779 n. 12).

Where the majority and I disagree is on the nature and extent of the right of the appeal granted to criminal defendants by the Legislature through amended Article 44.02. The majority reads the 1977 amendment as a *restriction* on a defendant's right of appeal. The amendment to Article 44.02 was, instead, manifestly *permissive*. *Morris*, 749 S.W.2d at 779. The Legislature granted an unlimited right of appeal in originally enacting Article 44.02; this Court manufactured a limit to that right by its importation of the *Helms* rule; the Legislature then soundly rapped our collective knuckles by abrogating the *Helms* rule in causes arising from a negotiated plea. The 1977 amendment was not intended as a restriction on a defendant's right of appeal; it was, instead, an attempt by the Legislature to remove a restriction on that right created by this Court. For this Court to now read the 1977 amendment as an attempt by the Legislature to *restrict* a defendant's right of appeal is to turn the Legislature's intent on its head.

The better interpretation, one in step with the Legislature's clear intent, is that a criminal defendant's substantive right of appeal remained unchanged, and unlimited, following the 1977 amendment, and that the provi-

*Morris v. State*, 749 S.W.2d 772, 779 (Tex.Cr.App. 1986) (Clinton, J., dissenting) (quoting *King*, 687 S.W.2d at 766) (emphasis in the original).

so added to former Article 44.02 merely set forth the procedural requisites for prosecuting such an appeal. The majority thus lays a false foundation, *viz:* that the 1977 amendment to former Article 44.02 limited a defendant's right of appeal. Upon that foundation, it constructs a house of cards: the proposition that our promulgation of Rule 40(b)(1) did not in any way change the procedure mandated by the proviso to Article 44.02. That proposition, without its foundation, does not survive close scrutiny.

### III.  Rule 40(b)(1)

The majority notes that this Court did not have the authority "to modify a defendant's substantive right of appeal that previously existed under the proviso to Article 44.02." Maj. op. at 736. The majority further reasons that, because this Court did not have the authority to make a change, *ipso facto*, no change was made. As I have demonstrated, however, the first leg of the majority's argument is not supportable: Rule 40(b)(1) is in no way jurisdictional, and the amendment to Article 44.02 in no way limited a criminal defendant's *substantive* right of appeal. Our task thus becomes to determine what *procedural* change was brought about by the repeal of the proviso to Article 44.02 and the subsequent promulgation of Rule 40(b)(1), and then to determine what effect that change has on the cause *sub judice.*

I would have thought that the change would be apparent from the plain language of both the repealed proviso and the new rule. This apparently is not the case. I will therefore parse and compare the proviso to the former article with the "but clause" of the new rule.

The proviso to Article 44.02 began, "provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney." The "but clause" of Rule 40(b)(1) begins, "but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article

1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney."

Thus we come to the first change wrought by the promulgation of Rule 40(b)(1). Under Article 44.02, as amended in 1977, the proviso was brought into play by *any* plea agreement followed by the trial court. Under current Rule 40(b)(1), the "but clause" requires not only a plea agreement, but one made "pursuant to Article 1.15, Code of Criminal Procedure." It therefore follows that plea agreements which do not comport with the requirements of Article 1.15 fall outside the ambit of the "but clause" of Rule 40(b)(1).

The proviso to Article 44.02 continued, "[before a defendant] may prosecute his appeal, he must have permission of the trial court, except in those matters which have been raised by written motion prior to trial." The "but clause" to Rule 40(b)(1) continues, "in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial."

We first note that Article 44.02 required only that the matters appealed be "raised by written motion prior to trial," while Rule 40(b)(1), in contrast, requires the matters appealed be "raised by written motion *and ruled on before trial.*" This is a significant difference, albeit one of no import to the discussion today. We next note that the proviso to Article 44.02 applied to any appeal, while the "but clause" of Rule 40(b)(1) applies only to an appeal "for a nonjurisdictional defect or error that occurred prior to entry of the plea." This is also a significant change, one which, combined with the inclusion of the mandates of Article 1.15 within Rule 40(b)(1), speaks directly to the issue before this Court today.

Article 1.15 has its own "proviso." It allows a felony defendant to waive trial by jury and enter a plea of guilty "provided, however, that it shall be necessary for the state to

introduce evidence into the record showing the guilt of the defendant ... and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." Article 1.15 is, in effect, a statutory mandate for trial court review of the sufficiency of the evidence.

Such a review is not barred by operation of Rule 40(b)(1) for two independent reasons. First, by its very terms, the "but clause" of Rule 40(b)(1) applies only to pleas made "pursuant to Article 1.15." For pleas not in compliance with Article 1.15, only the first section of Rule 40(b)(1) applies, *viz:* "Appeal is perfected in a criminal case by giving timely notice of appeal.... Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment." [5] Second, and independent of the incorporation of Article 1.15 within the rule, the "but clause" of Rule 40(b)(1) applies only to errors that "occurred prior to entry of the plea." Sufficiency of the evidence and compliance with the statutory requirements of Article 1.15 necessarily arise as issues only *after* entry of the plea.

We see, then, that Rule 40(b)(1) was a very real departure from the former proviso to Article 44.02. Indeed, had we not wanted to change the proviso, we could have easily transcribed it verbatim into our rules of appellate procedure. That is exactly what we did, for example, in replacing Article 44.24(a), V.A.C.C.P. (presumptions on appeal) with Tex.R.App.Pro., Rule 80(d) (presumptions in criminal cases). And while it seems incongruous to speak of *our* intent in adopting the appellate rules (McCormick, P.J., and Clinton, Miller and Campbell, JJ., sat on the Court which adopted the appellate rules),

such intent is apparent in reviewing the history of Article 44.02, *viz:* We incorporated the legislative abrogation of the *Helms* rule into our appellate rules by using the language of the *Helms* rule itself. That is, we took the permissiveness of the proviso to Article 44.02—which allowed appeals from written pre-trial motions—and combined it with the language of the *Helms* rule as properly construed (i.e., limited to "non-jurisdictional defects in the prior proceedings"). See note 4, *ante.*

We did this to impose a logical parallelism on appeals from a plea of guilty, whether arising from a plea agreement or not. Properly interpreted, Rule 40(b)(1) dictates the procedure to follow in appealing "error that occurred in the prior proceedings" in causes involving plea agreements. For pleas made without agreement, the *Helms* rule, as properly formulated, imposes a waiver for all "non-jurisdictional defects in the prior proceedings." See note 4, *ante.* And for errors that arise *after* entry of the plea, neither Rule 40(b)(1) nor the *Helms* rule hinders a criminal defendant's right of appeal. This, at least, was how we viewed the *Helms* rule itself until the irrational majority opinion in *Morris.*[6] And this is the way we both reevaluated the *Helms* rule and interpreted Rule 40(b)(1) in this Court's nearly unanimous decision in *Lemmons.* 818 S.W.2d at 60 n. 2 & 60–61.

### IV. *The Instant Case*

That said, the task remains to apply a properly interpreted Rule 40(b)(1) to the facts and proceedings of the cause *sub judice.* In a pro se brief, appellant raised six

---

5. Moreover, for any appeal, the unrepealed portion of Article 44.02 remains applicable. The order by this Court adopting the Texas Rules of Appellate Procedure repealed only the proviso to Article 44.02, which now reads, *in toto:* "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed."

6. 749 S.W.2d 772. As I pointed out in my dissent to that decision:
   "[P]rior to amendment of Art. 44.02 in 1977 an accused pleading guilty or nolo contendere was said to have waived appellate complaint as to such matters as lawfulness of a search, voluntariness of a confession, competency to

stand trial or sufficiency of the charging instrument. He had *not* waived, however, defects in the entry of the plea itself ... or, as in the instant cause, insufficiency of the evidence." *Morris,* 749 S.W.2d at 779.
   Indeed, what the *Morris* majority overlooked in finding that the *Helms* rule barred appellate review of a claim of insufficient evidence was that the *Helms* case—the very case for which the rule was named—involved a review of the sufficiency of the evidence! See *Helms,* 484 S.W.2d at 927 ("We find the foregoing evidence sufficient to support the conviction under Art. 1.15, V.A.C.C.P.").

points of error in the court of appeals. He complained of 1) a coerced and involuntary plea; 2) an uninformed plea; 3) insufficiency of the evidence; 4) ineffective assistance of counsel; 5) a conflict of interest by the trial judge; and 6) the dual representation of the appellant and his co-defendant.

The court of appeals considered the appellant's fifth point of error, which it construed as a complaint that "the trial judge was disqualified as a matter of law from sitting in this case, thus the trial court lacked jurisdiction." *Lyon v. State*, 764 S.W.2d 1 (Tex. App.—Texarkana 1988). The court of appeals found the other points of error barred by Rule 40(b)(1), which it held "eliminates the defendant's rights of direct appeal except for pretrial motions and other matters as permitted by the trial court." *Id.* As the majority notes, we granted appellant's petition to review "whether the Court of Appeals erred in (1) holding that it had jurisdiction to review only jurisdictional issues, (2) in failing to address appellant's ineffective assistance of counsel claim, (3) in failing to address appellant's sufficiency claim, and (4) in holding the trial judge's relationship to the victim disqualified him." Maj. op. at 734. Only grounds for review numbered one through three—that is, the nonjurisdictional errors urged by appellant—are implicated by the current discussion.

The proper resolution of appellant's first ground for review should be apparent from the preceding discussion. The court of appeals' jurisdiction is neither granted nor taken away by Rule 40. See Tex. Const. art. V, § 6 (1891, amended 1980) and Part I, *ante.* That court's jurisdiction is invoked, and appeal perfected, "by giving timely notice of appeal [which] shall be sufficient if it shows the desire of the defendant to appeal." Rule 40(b)(1), supra. Such notice, although not meeting the requirements of the "but clause" of Rule 40(b)(1), was given here. Thus, the court of appeals had *jurisdiction* to consider *all* the matters raised by the defendant.

That a court is vested with appellate jurisdiction, however, does not authorize it to exercise appellate power. Rule 40(b)(1), while not a jurisdictional limitation, may serve as a procedural bar to certain issues in

certain circumstances. Which issues? "Nonjurisdictional defect(s) or error(s) that occurred prior to entry of the plea." Rule 40(b)(1), supra. Which circumstances? Causes in which proper, timely notice has not been given, i.e., notice which does not state "that the trial court granted permission to appeal or [which] specif(ies) that those matters were raised by written motion and ruled on before trial." *Id.*

Appellant's third point of error in the court of appeals falls outside the purview of the procedural bar raised by the "but clause" of Rule 40(b)(1). He complained that "the (trial) court erred in accepting appellant's guilty plea because there is no evidence to support the conviction." As discussed *ante,* a complaint of insufficient evidence is doubly allowed by Rule 40(b)(1), both because that rule incorporates the requirements of Article 1.15 and because a complaint of legal insufficiency arises only after a plea is made. The court of appeals should have addressed this point of error on its merits.

That court also should have addressed appellant's fourth point of error. Ineffective assistance of counsel, in a cause arising from a plea of guilty, is, in effect, a complaint that the plea was not understandingly made. As such the complaint does not arise until after the plea is made. Thus it is reviewable by the appellate court under Rule 40(b)(1) and is not barred by the *Helms* rule. Indeed, as I noted *ante,* the genesis of Rule 40(b)(1) was the *Helms* rule, which was predicated on the assumption that "a plea of guilty is voluntarily and understandingly made." *Helms,* 484 S.W.2d at 927.

Under our current case law and a proper interpretation of our appellate rules, I would hold that the court of appeals erred in not considering appellant's claim of insufficient evidence and that it had jurisdiction to consider all the claims brought by the appellant once timely notice of appeal was filed. Because the Court does not, I dissent.

BAIRD and OVERSTREET, JJ., join.

OVERSTREET, Judge, dissenting.

The majority holds that Rule 40(b)(1) requires a defendant, in an appeal from a plea

bargained conviction, to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial and that a "general" notice of appeal confers jurisdiction on a Court of Appeal to review only jurisdictional issues, citing *Davis v. State*, No. 1212–89, 870 S.W.2d 46–47 (Tex. Cr.App.1993) and *Morris v. State*, 749 S.W.2d 772, 774–75 (Tex.Cr.App.1986).

For the reasons outlined in my dissent in *Davis*, slip opinion, I disagree with the majority's holding in this case. While my *Davis* dissent is fairly lengthy, I feel compelled to succinctly restate that there are no prerequisites under Rule 40(b)(1), other than a timely notice of appeal, that mandate that a defendant gain trial court's permission to appeal a nonjurisdictional defect or error that occurs *after* the entry of the plea. With these comments, I dissent.

BAIRD, J., joins.