Gary Lee BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–94–0299–CR.

Court of Appeals of Texas, Amarillo.

Aug. 11, 1995.

---

Gary Lee Brown, Tennessee Colony, pro se.

Potter County Dist. Atty., Rebecca King, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

QUINN, Justice.

Pending before the court is an appeal from a judgment sentencing the Appellant, Gary Lee Brown, to five years of incarceration. We now dismiss the proceeding for want of jurisdiction.

The sentence emanated from appellant's agreement to plea guilty. Furthermore, the incarceration assessed did not exceed that recommended by the State. When admonished that these circumstances could result in the loss of his appellate rights, he indicated that he recognized the possibility. He also represented that he "did not wish to appeal" or secure appellate counsel. Nevertheless, within thirty days of judgment, he wrote his trial counsel and requested him to "file a *notice* of *appeal,* and then institute proceedings for appeal procedures including the actual appeal on my behalf."

Having received a copy of the letter, the district clerk undoubtedly construed it as a notice of appeal. So, she prepared the transcript and filed same with us on October 25, 1994. However, no statement of facts was sent. Because of this, we abated and re-manded the proceeding commensurate with Texas Rule of Appellate Procedure 53(m).

Upon remand, the trial judge convened a hearing to determine whether appellant wanted to continue his appeal and whether his financial situation entitled him to counsel and a free statement of facts. After entertaining the evidence proffered, the judge concluded

1. that Brown had neither requested nor received permission to appeal;

2. that the punishment fell within the plea bargained range;

3. that the sole pretrial motion tendered by appellant had been granted; and,

4. that Brown was entitled to neither appeal his conviction nor secure appointed counsel.

We then reinstated the cause and directed the appellant to notify us, by April 10, 1995, of the "jurisdictional matters" he desired to appeal. He did not respond.

In pleading guilty and being punished in accordance with the sentence recommended by the prosecutor, a defendant loses the right to attack non-jurisdictional error. *Lyon v. State,* 872 S.W.2d 732, 734 (Tex. Crim.App.1994). That outcome may be avoided, however, by obtaining permission from the court to appeal or by preserving the error via a pretrial motion. *Id.* at 736; *Tex. R.App.P.* 40(b)(1). Furthermore, performance of those conditions must be made manifest in the notice of appeal. *Id.* Here, appellant did none of that. He also failed to disclose, as per the court's directive, the jurisdictional errors, if any, he intended to assert. Moreover, our sua sponte review of the transcript revealed no such error.

Accordingly, we dismiss the appeal for want of jurisdiction.