TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00482-CR







Mike Thompson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0951183, HONORABLE MIKE LYNCH, JUDGE PRESIDING







PER CURIAM


 After waiving trial by jury, appellant pleaded guilty to an indictment accusing him
of aggravated robbery. Tex. Penal Code Ann. § 29.03 (West 1994). After accepting the plea and
appellant's judicial confession, the district court found him guilty and assessed punishment at
imprisonment for fifteen years, as called for in a plea bargain agreement. Appellant filed a pro
se general notice of appeal and the record does not otherwise reflect that the district court gave
appellant permission to appeal.

 In point of error two, appellant contends he did not knowingly and voluntarily plead
guilty. In point of error three, appellant asserts that the district court failed to appoint appellate
counsel until it was too late to obtain a hearing on his pro se motion for new trial. In point of
error one, appellant contends Texas Rule of Appellate Procedure 40(b)(1) is unconstitutional if
it denies him direct appellate review of points two and three.

 Rule 40(b)(1) provides that if a defendant waives trial by jury and pleads guilty to
a felony, and if punishment is assessed in accord with a plea-bargain agreement, "in order to
prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea
the notice [of appeal] shall state that the trial court granted permission to appeal or shall specify
that those matters were raised by written motion and ruled on before trial." Under rule 40(b)(1),
a defendant who seeks to appeal from a plea-bargained conviction must obtain the trial court's
permission to appeal any matter in the case except for those matters raised by written motion and
ruled on before trial. Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994); Davis v.
State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994). A general notice of appeal, that is, one that
does not contain the recitals required by rule 40(b)(1) following a negotiated guilty plea, confers
jurisdiction on a court of appeals only to address jurisdictional issues. Lyon, 872 S.W.2d at 736. 
A jurisdictional issue relates to the power of the court over the subject matter of the case or the
person of the accused. Id. (citing Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App.
1981).

 Neither the voluntariness of appellant's guilty plea, the timeliness of the
appointment of appellate counsel, nor the constitutionality of rule 40(b)(1) is relevant to the
district court's personal or subject matter jurisdiction in this cause. Under rule 40(b)(1) as
interpreted in Lyon, we do not have jurisdiction to consider appellant's points of error.

 If we had jurisdiction to consider point of error one, we would overrule it. 
Appellant contends the "but clause" of rule 40(b)(1) denies him due process and equal protection
of the law. Appellant relies solely on Griffin v. Illinois, 351 U.S. 12 (1956). In Griffin, the court
held that while there is no federal constitutional right to state appellate review of criminal
convictions, a state that does grant appellate review must do so in a manner that does not
discriminate against some defendants on account of poverty. 351 U.S. at 18. Appellant does not
explain how rule 40(b)(1), by requiring the trial court's permission to appeal nonjurisdictional
errors after a negotiated guilty plea, discriminates against poor defendants.

 If point of error two were properly before us, we would also find it to be without
merit. Appellant contends his plea was involuntary because he did not understand the law of
parties as it applied in this cause. There is nothing in the record to support this assertion. To the
contrary, appellant was asked by the district court if the law of parties had been explained to him. 
Appellant stated that his attorney had explained the law and that he understood it.

 Appellant's contention that appellate counsel was not timely appointed would
present harmless error at best. Appellant's motion for new trial did not state a cognizable ground. 
Tex. R. App. P. 30(b).

 The appeal is dismissed for want of jurisdiction.


Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: March 27, 1996

Do Not Publish



 After waiving trial by jury, appellant pleaded guilty to an indictment accusing him
of aggravated robbery. Tex. Penal Code Ann. § 29.03 (West 1994). After accepting the plea and
appellant's judicial confession, the district court found him guilty and assessed punishment at
imprisonment for fifteen years, as called for in a plea bargain agreement. Appellant filed a pro
se general notice of appeal and the record does not otherwise reflect that the district court gave
appellant permission to appeal.

 In point of error two, appellant contends he did not knowingly and voluntarily plead
guilty. In point of error three, appellant asserts that the district court failed to appoint appellate
counsel until it was too late to obtain a hearing on his pro se motion for new trial. In point of
error one, appellant contends Texas Rule of Appellate Procedure 40(b)(1) is unconstitutional if
it denies him direct appellate review of points two and three.

 Rule 40(b)(1) provides that if a defendant waives trial by jury and pleads guilty to
a felony, and if punishment is assessed in accord with a plea-bargain agreement, "in order to
prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea
the notice [of appeal] shall state that the trial court granted permission to appeal or shall specify
that those matters were raised by written motion and ruled on before trial." Under rule 40(b)(1),
a defendant who seeks to appeal from a plea-bargained conviction must obtain the trial court's
permission to appeal any matter in the case except for those matters raised by written motion and
ruled on before trial. Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994); Davis v.
State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994). A general notice of appeal, that is, one that
does not contain the recitals required by rule 40(b)(1) following a negotiated guilty plea, confers
jurisdiction on a court of appeals only to address jurisdictional issues. Lyon, 872 S.W.2d at 736. 
A jurisdictional issue relates to the power of the court over the subject matter of the case or the
person of the accused. Id. (citing Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App.
1981).

 Neither the voluntariness of appellant's guilty plea, the timeliness of the
appointment of appellate counsel, nor the constitutionality of rule 40(b)(1) is relevant to the
district court's personal or subject matter jurisdiction in this cause. Under rule 40(b)(1) as
interpreted in Lyon, we do not have jurisdiction to consider appellant's points of error.

 If we had jurisdiction to consider point of error one, we would overrule it. 
Appellant contends the "but clause" of rule 40(b)(1) denies him due process and equal protection
of the law. Appellant relies solely on Griffin v. Illinois, 351 U.S. 12 (1956). In Griffin, the court
held that while there is no federal constitutional right to state appellate review of criminal
convictions, a state that does grant appellate review must do so in a manner that does not
discrim