Dismissed, Order issued October 29 , 1996



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-92-02207-CR

**TRACEY DENISE HENDERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

## OPINION AND ORDER

Before Chief Justice Thomas and Justices Maloney and Hankinson

Tracey Denise Henderson appeals her conviction for possession of less than twenty-eight grams of cocaine. Punishment was assessed at twenty years in prison and a $200 fine. In one point of error, appellant claims the evidence is insufficient to support her conviction. The State, however, challenges this Court's jurisdiction over the appeal because appellant originally pleaded guilty as part of a plea bargain agreement but filed only a general notice of appeal.

As part of a plea bargain agreement, appellant pleaded guilty and was placed on deferred adjudication probation for four years and fined $750. Subsequently, the State filed

a motion to adjudicate guilt. Appellant entered an open plea of true to the allegations in the motion, and the trial court revoked her probation, adjudicated her guilty, and imposed punishment. Appellant appealed.

Rule 40(b)(1) of the Texas Rules of Appellate Procedure provides:

> [I]f the judgment was rendered upon [an appellant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX. R. APP. P. 40(b)(1). A general notice of appeal does not confer jurisdiction upon this Court to consider nonjurisdictional issues. *Lyon v. State,* 872 S.W.2d 732, 736 (Tex. Crim. App.), *cert. denied,* 114 S. Ct. 2684 (1994). Further, rule 40(b)(1) applies to cases in which an appellant is placed on deferred adjudication probation pursuant to a plea bargain agreement and the probation is subsequently revoked and appellant adjudicated guilty. *Watson v. State,* 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996).

In this case, appellant entered her original plea pursuant to a negotiated plea bargain agreement. The punishment assessed by the trial judge did not exceed that agreed to by appellant and her attorney and recommended by the State. Appellant's notice of appeal does not state that the trial court granted permission to appeal nor does it specify any matters raised by written motion or ruled on before trial. Consequently, appellant's notice

-2-

of appeal is general, and she can raise only jurisdictional defects.

Appellant's sole point of error challenges the sufficiency of the evidence. Sufficiency of the evidence is a nonjurisdictional issue. *Lyon*, 872 S.W.2d at 736. Because appellant filed a general notice of appeal, this Court does not have jurisdiction over appellant's appeal. *See Lyon*, 872 S.W.2d at 736.

Accordingly, we **DISMISS** the appeal for want of jurisdiction.

LINDA THOMAS
CHIEF JUSTICE

Do Not Publish
Tex. R. App. P. 90