Dismissed, Order issued October 29 , 1996



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-92-01177-CR

### CEDRIC DEMICHAEL BUTLER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

## OPINION AND ORDER

Before Chief Justice Thomas and Justices Maloney and Hankinson

Cedric Demichael Butler appeals his conviction for sexual assault. Following revocation of his probation, the trial court assessed punishment at eight years in prison. In one point of error, appellant claims the evidence is insufficient to support his conviction. The State, however, challenges this Court's jurisdiction over the appeal because appellant originally pleaded guilty as part of a plea bargain agreement but filed only a general notice of appeal.

As part of a plea bargain agreement, appellant pleaded guilty and was placed on deferred adjudication probation for two years and fined $500. Subsequently, the State filed

a motion to adjudicate guilt. Appellant entered an open plea of true to the allegations in the motion, and the trial court revoked his probation and adjudicated him guilty. The trial court then placed appellant on ten years' probation. Nine months later, the State filed a motion to revoke probation. Appellant agreed to enter a plea of true in exchange for an eight-year sentence. After being sentenced to eight years in prison, appellant filed notice of appeal.

Rule 40(b)(1) of the Texas Rules of Appellate Procedure provides:

> [I]f the judgment was rendered upon [an appellant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX. R. APP. P. 40(b)(1). A general notice of appeal does not confer jurisdiction upon this Court to consider nonjurisdictional issues. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim. App.), *cert. denied*, 114 S. Ct. 2684 (1994). Further, rule 40(b)(1) applies to cases in which an appellant is placed on deferred adjudication probation pursuant to a plea bargain agreement and the probation is subsequently revoked and appellant adjudicated guilty. *Watson v. State*, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996).

In this case, appellant entered his original plea pursuant to a negotiated plea bargain agreement. Subsequently, as part of another negotiated plea agreement, appellant pleaded

-2-

true to the State's motion to revoke probation in exchange for an eight-year prison sentence. Appellant's notice of appeal does not state that the trial court granted permission to appeal nor does it specify any matters raised by written motion or ruled on before trial. Consequently, appellant's notice of appeal is general, and he can raise only jurisdictional defects.

Appellant's sole point of error challenges the sufficiency of the evidence. Sufficiency of the evidence is a nonjurisdictional issue. *Lyon*, 872 S.W.2d at 736. Because appellant filed a general notice of appeal, this Court does not have jurisdiction over appellant's appeal. *See Lyon*, 872 S.W.2d at 736.

Accordingly, we **DISMISS** the appeal for want of jurisdiction.

LINDA THOMAS
CHIEF JUSTICE

Do Not Publish
Tex. R. App. P. 90

-3-