NUMBER 13-99-190-CR and 13-99-191-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________________


CLYDE HORACE CLACK, Appellant,


v.



THE STATE OF TEXAS, Appellee.

__________________________________________________________________


On appeal from the 117th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez






 This is an appeal from a trial court's decision to revoke deferred
adjudication of guilt and find appellant, Clyde H. Clack, guilty of two
counts of aggravated assault and one count of possession of cocaine in
a drug-free zone. Clack's counsel has found no issue to present on
appeal of the possession of cocaine count, and pursuant to Anders v.
California,(1) requests to withdraw from representation of Clack on this
charge only. We do not address the one issue Clack raises on appeal
on the aggravated assault case because this Court does not have
jurisdiction to hear the claim. We dismiss the appeal for the possession
of cocaine in a drug-free zone charge for want of jurisdiction and grant
appellant's attorney's motion to withdraw. 

 On June 3 and 4, 1998, pursuant to a plea bargain agreement
with the State, the trial court placed Clack on deferred adjudication for
two terms of ten years community supervision to be served
concurrently, and assessed a fine of $10,000 for the aggravated assault
charge, and $1000 for the possession of cocaine in a drug-free zone
charge. On December 16, 1998, the State filed a Motion to Revoke
Community Supervision. 

 On February 19, 1999, the court heard the State's motion to
revoke, and after finding that Clack had violated the terms of his
community supervision, revoked his community supervision. The court
then withdrew the order deferring adjudication of guilt, and adjudicated
Clack guilty of both counts of aggravated assault, and of possession of
cocaine in a drug-free zone. The court sentenced him to ten years
confinement for the aggravated assault charges, and ten years for the
possession of cocaine in a drug-free zone charge. Due to the fact that
the possession of cocaine conviction took place in a drug-free zone,
each term is served consecutively, for a total of twenty years
confinement. Tex. Health & Safety Code Ann. § 481.134(h) (Vernon
Supp. 2000). On March 15, 1999, Clack gave the trial court notice of
his desire to appeal, and on March 29, 1999, filed written notice of
appeal.

 Clack's sole issue on appeal from the aggravated assault
conviction is that the trial court erred by failing to sign his waiver of
rights, which contained his consent to stipulate to evidence of guilt
pursuant to article 1.15 of the Code of Criminal Procedure.(2) We do not
address this issue because the record does not show that the trial court
gave Clack permission to appeal this defect. Hence, this court lacks
jurisdiction to review his claim.

 A court of appeals' jurisdiction is invoked by a timely, written
notice of appeal. Rodarte v. State, 860 S.W.2d 108, 110 (Tex. Crim.
App. 1993). A notice of appeal must be filed within thirty days of the
day sentence is imposed or suspended in open court or within ninety
days if a timely motion for new trial is filed. Tex. R. App. P. 26.2(a). 
Where the notice of appeal does not indicate that an appellant: (1)
obtained the trial court's permission to appeal, or (2) stated that the
appeal was from a matter raised by written motion and ruled upon
before trial, this court does not have jurisdiction to hear the appeal. Tex.
R. App. P. 25.2(b) (3); Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim.
App. 1994). Appellant is not appealing an issue ruled upon before trial,
nor has he obtained the trial court's permission to appeal. Thus we
dismiss the aggravated assault appeal for want of jurisdiction.

 As required by Anders v. California, the appellant's counsel has
certified in the brief she provided that the appellant's appeal of the
possession of cocaine in a drug-free zone conviction is frivolous. See
Anders, 386 U.S. 738; Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991). Counsel has sent a copy of both her brief and her motion
to withdraw to the appellant, as required. Id. She has also spoken to
him and given written notice to him regarding her brief, her motion to
withdraw, and his right to file a pro se brief. 

 The appellant has not provided a pro se brief. No appeal is
possible from any issue coming out of his 1998 deferred adjudication. 
See Manuel v. State, 994 S.W.2d 658, 660 (Tex. Crim. App. 1999). 
(Any notice of appeal on the original order must be filed within thirty
days of the District Attorney's order.) This Court lacks jurisdiction to
consider a direct appeal on any issue that Clack could raise regarding
the trial court's decision to adjudicate his guilt. Tex. Code Crim. Proc.
Ann. art. 42.12 § 5(b) (Vernon Supp. 2000). We cannot review the
original conviction at this time because we do not have jurisdiction over
it. See Lyon, 872 S.W.2d at 736. Our independent review of the trial
court's revocation of the appellant's probation shows no error by the
lower court. Accordingly, we dismiss Clack's appeal because it is
frivolous.

 We order counsel to notify her client of the disposition of his
appeal and of his right to pro se discretionary review for the possession
of cocaine in a drug-free zone charge.


 MELCHOR CHAVEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 22nd day of June, 2000.

 

1. Anders v. California, 386 U.S. 738, 87 S.Ct 1396 (1967).
2. In its pertinent part, article 1.15 reads, "[W]aiver and consent
must be approved by the court in writing, and shall be filed in the file
of the papers of the cause." Tex Code Crim. Proc. Ann. art. 1.15
(Vernon Supp. 2000).