**Roger Dale GODBEHERE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 07–92–0177–CR, 07–92–0178–CR.**

Court of Appeals of Texas,
Amarillo.

July 14, 1994.

Ruth A. Kollman, Dallas, for appellant.

John C. Vance, Crim. Dist. Atty., Dallas, Karen R. Wise, Carrollton, for appellee.

PER CURIAM.

Pursuant to plea bargain agreements, appellant Roger Dale Godbehere, represented by appointed trial counsel, pleaded guilty to, and was found guilty of, two separate offenses of aggravated sexual assault of a child, and was assessed punishment in accordance with the plea bargains at confinement for 50 years for each offense, to be served concurrently. Appellant filed a general notice of appeal on a printed form for each cause.

Represented by other appointed appellate counsel, appellant has filed a brief. By the brief, appellant purports to raise a jurisdictional issue of first impression on the theory that rule 40(b)(1), Texas Rules of Appellate Procedure, unconstitutionally denies him due process and equal protection by restricting his right to appeal errors that occurred after entry of his negotiated pleas; and then contends, with four points of error, that (1) the incomplete record mandates reversal, (2) the evidence is insufficient to support his pleas, (3) he received ineffective assistance of counsel, and (4) there is no evidence to support the judgment for court-appointed attorney's fees. As its first response, the State has moved for a dismissal of the appeals, because

the general notice of appeal from plea bargained convictions does not confer jurisdiction on this Court to entertain the nonjurisdictional matters advanced on appeal.

The State certified that a copy of its motion was served on counsel for appellant. Notice of receipt of the motion to dismiss was also given to appellant's counsel. Tex. R.App.P. 19(c). No reply has been received to the motion. Upon the rationale stated, the motion will be granted, and the appeal will be dismissed for want of jurisdiction over the issues presented on appeal.

■ In filing his notices of appeal on printed forms, appellant checked the blocks thereon to specify that plea bargains were followed by the trial court, that he was appealing nonjurisdictional errors which occurred after entry of his pleas, and that he did not voluntarily waive his right of appeal. The filing of appellant's general notices of appeal invoked the jurisdiction of this Court over the causes, but did not permit him to appeal nonjurisdictional matters. Tex. R.App.P. 40(b)(1); *Jones v. State,* 796 S.W.2d 183, 186–87 (Tex.Cr.App.1990).

Appellant's appeals are governed by rule 40(b)(1), *supra,* which provides, in part, that

> if the judgment is rendered upon [defendant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial....

Appellant's general notices of appeal neither show, nor does appellant contend, that the trial court granted him permission to appeal or that pretrial matters are the subject of the appeals.

After writing that the quoted portion of the rule "is a restrictive rule[;] [i]t regulates the extent of the grounds upon which a defendant can appeal," *Jones v. State,* 796

S.W.2d at 186, and that it "is not a *jurisdictional* prerequisite," *Lemmons v. State,* 818 S.W.2d 58, 63 n. 6 (Tex.Cr.App.1991), the Court of Criminal Appeals later clarified its writings by holding that compliance with the rule is jurisdictional. *Lyon v. State,* 872 S.W.2d 732, 735 (Tex.Cr.App.1994). Thus, a general notice of appeal confers no jurisdiction on a Court of Appeals to address nonjurisdictional defects or errors that occur before or after entry of the plea; it confers jurisdiction to address only jurisdictional issues. *Id.*

■ Although appellant's claim of the unconstitutionality of the quoted portion of rule 40(b)(1), under both the federal and state constitutions, is prefaced as a jurisdictional issue of first impression, the claim does not raise a jurisdictional issue, for it is merely a contention of the deprivation of constitutional guarantees. As such, it is foreclosed by the general notice of appeal. Appellant acknowledged in writing that with respect to his pleas of guilty, he was admonished by the trial court, among other admonishments and in compliance with article 26.13(3) of the Texas Code of Criminal Procedure (Vernon 1989), that:

> 3. If the punishment I assess does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney (the "Plea Bargain Agreement") you cannot appeal this case without my permission except for matters raised by written motions filed prior to trial.

By waiving his right to appeal without the trial court's permission, which he did not secure, appellant waived his claimed deprivation of constitutional guarantees, both under the federal constitution, *Barnes v. Lynaugh,* 817 F.2d 336, 340 (5th Cir.1987), and the state constitution. *Accord Lyon v. State,* 872 S.W.2d at 736 (a defendant is required "to obtain the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial"); *Shallhorn v. State,* 732 S.W.2d 636, 638 (Tex.Cr.App.1987) (plea of guilty voluntarily and understandingly made waives all nonjurisdictional defects, including claimed deprivation of state due course of law).

In regard to appellant's first-point contention that the incomplete record mandates reversal, it suffices to state that the asserted omissions are, as appellant was previously notified, indeed included in the appellate record. No more availing are appellant's second-, third-, and fourth-point contentions of insufficient evidence to support his pleas, ineffective assistance of counsel, and insufficient evidence to support the judgment for court-appointed attorney's fees. These are nonjurisdictional issues which, by virtue of his general notice of appeal, we are without jurisdiction to address. *Lyon v. State*, 872 S.W.2d at 736.

It follows that the State's motion to dismiss the appeals for want of jurisdiction is well-taken since appellant has not raised any jurisdictional issues. The motion is granted.

Accordingly, the appeals are dismissed for want of jurisdiction. *Davis v. State*, 870 S.W.2d 43, 47 (Tex.Cr.App.1994).