NUMBER 13-99-535-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


SALVADOR CATETE
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 94th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez



 Appellant, Salvador Catete, entered an agreed plea of guilty to the
offense of aggravated sexual assault and indecency with a child.(1) 
Pursuant to the plea bargain, the court sentenced Catete to ten years
imprisonment. Catete filed a pro se notice of appeal claiming trial
counsel was ineffective because he could not communicate with Catete
in Spanish. The trial court has appointed three appellate counsel to
represent Catete over the course of this appeal.(2)

 By one issue in his amended brief, Catete contends he was denied
his constitutional right to assistance of counsel during the critical period
when a motion for new trial could have been filed. By a supplemental
issue, Catete also complains his counsel was ineffective, rendering his
plea involuntary. Appellee, the State of Texas, urges this Court to
dismiss the appeal for want of jurisdiction because Catete has no basis
for an appeal from the plea-bargained judgment. The State also
contends that nothing in the record rebuts the presumption that trial
counsel rendered effective representation. We affirm.

 Before reaching the merits of the case, we address the State's
contention that this Court lacks jurisdiction to consider this appeal. 
Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure provides that
following an agreed plea of guilty, and where the punishment does not
exceed the punishment recommended by the prosecutor and agreed to
by the defendant, a notice of appeal must specify that (1) the appeal is
for a jurisdictional defect, (2) the substance of the appeal was raised by
written motion and ruled on before trial, or (3) state that the trial court
granted permission to appeal. See Tex. R. App. P. 25.2(b)(c). Because
Catete appeals from a judgment rendered on a plea of guilty pursuant
to a plea bargain, and the punishment assessed was within the range
agreed to by the prosecutor and the defendant, we must consider the
threshold issue of whether Catete's general notice of appeal is sufficient
to confer jurisdiction on this Court.

 Catete asserts no jurisdictional defects.(3) Further, Catete does not
contend that his appeal is from an issue raised by written motion and
ruled on before trial. Finally, while Catete's pro se notice of appeal
states he is requesting an appeal, it does not set out that the court
granted him permission to appeal. 

 However, Catete also raises a voluntariness challenge. This Court
recently joined the majority of Texas appellate courts in concluding that
voluntariness of a plea may be raised by general notice of appeal. See
Marshall v. State, No. 13-99-00153-CR, 2000 Tex. App. LEXIS 5427
(Corpus Christi August 10, 2000, no pet.). Therefore, we hold that
Catete's general notice of appeal is sufficient to invoke this Court's
jurisdiction to consider the voluntariness of his plea.

 By his voluntariness issue in his supplemental brief, Catete
contends that his trial counsel was ineffective because counsel
inadequately investigated whether a plea was advisable. Catete argues
that this alleged inadequate investigation rendered his plea involuntary. 
Specifically, Catete complains the record demonstrates that no pretrial
motions were filed and that the following matters demanded more
investigation prior to his entering a plea bargain: (1) the victim's
mother's statements that (a) the victim was prone to lying, and (b) in
the absence of evidence of trauma, she would not believe the
accusation; and (2) the frailty of the case against Catete in light of the
plea offer that was made in comparison to the offers (or lack thereof)
made in similar cases filed in Nueces County. Catete also asserts that
communication problems between himself and trial counsel impacted
the voluntariness of his plea.(4)

 To succeed on a claim that his plea was involuntary due to
ineffective assistance of counsel, Catete must demonstrate from the
record that (1) counsel's assistance was outside the range of
competence demanded of attorneys in criminal cases, and (2) there is
a reasonable probability that, but for counsel's errors, he would not
have pleaded guilty and would have insisted on going to trial. See
Strickland v. Washington, 466 U.S. 668, 687 (1984)); Ex parte Morrow,
952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (habeas Corpus
proceeding) (citing Hill v. Lockhart, 474 U.S. 52, 57 (1985) (federal
habeas Corpus proceeding). A reasonable probability is a probability
sufficient to undermine confidence in the outcome. See Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 

 The determination regarding whether a defendant received
effective assistance of counsel must be made according to the facts of
each case. See id. An appellate court looks to the totality of the
representation and the particular circumstances of the case in
evaluating the effectiveness of counsel. See id.

 The appellant bears the burden of proving by a preponderance of
the evidence that counsel was ineffective. See id. at 813. There is a
strong presumption that counsel's conduct fell within the wide range
of reasonable professional assistance. See Strickland, 466 U.S. at 689. 
To defeat the presumption of reasonable professional assistance, "any
allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness." 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

 Before a plea of guilty may be accepted by the court it must be
freely and voluntarily given by a mentally competent defendant. See
Tex. Crim. Proc. Code Ann. art. 26.13(b) (Vernon Supp. 2000). The
constitutional validity of a guilty plea made upon the advice of counsel
depends on whether counsel's performance was reasonably competent,
providing a defendant effective representation during the particular
proceedings. See Ex parte Battle, 817 S.W.2d 81, 83 (Tex. Crim. App.
1991). A defendant's election to plead guilty when based on erroneous
advise of counsel is not done voluntarily and knowingly. See id.

 In the instant case, the record reflects that when the plea bargain
was presented to the trial court, an interpreter was present to assist
Catete. He acknowledged that he visited with his attorney. They
discussed everything the State would have to prove in order for him to
be found guilty, as well as any possible defenses he might have. They
also discussed Catete's constitutional rights. The judge asked Catete
whether he had signed the written admonishments and whether his
attorney had gone over the documents carefully with him. The trial
court asked if Catete felt he understood what was explained. Catete
answered in the affirmative to all of these questions. Catete then
pleaded "Guilty."

 The judge asked Catete and his counsel questions about any
mental illness for which Catete may have been treated. There were
none. The judge asked counsel whether he believed Catete was
mentally competent for trial, fully understood the nature of the
proceedings, and had been able to effectively assist in the development
of any defenses he might have, to which counsel responded in the
affirmative. The State presented the plea bargain. Trial counsel
indicated that nothing had been left out; that he discussed the plea with
Catete; that Catete told him that he understood the plea; and that
counsel did, in fact, speak Spanish. The judge asked Catete whether
the plea bargain was what he understood, whether the State had left
anything out, whether he had discussed it with his attorney, and
whether he was in agreement. Catete responded that the stated
agreement was the one he understood, nothing had been left out, he
had discussed the plea bargain with his attorney and was in
agreement. The trial court then found Catete was mentally competent
and that the plea was made freely and voluntarily.

 Catete acknowledges that no record exists to substantiate his
claims that further investigation was needed. The record before this
Court does not establish whether or not counsel investigated the
victim's mother's statements, or whether counsel examined the frailty
of his client's case in light of plea offers made in similar cases filed in
Nueces County. The record does, however, reflect that his trial counsel
represented to the court that he spoke Spanish and that Catete
understood the nature of the proceedings. Catete himself represented
to the trial court that his attorney discussed the charges against him,
as well as possible defenses. Catete also informed that court that he
had discussed the plea bargain with his attorney and that he was in
agreement with it. Nothing in the record refutes these assertions.

 Under these circumstances, and in light of the record and the
presumption that counsel's performance was reasonably professional,
we cannot conclude that Catete received ineffective assistance of
counsel, rendering his plea involuntary. See Gottson v. State, 940
S.W.2d 181, 185-86 (Tex. App.--San Antonio 1996, pet. ref'd). 
Accordingly, Catete has not proven by a preponderance of the evidence
that counsel's alleged failure to investigate or the alleged
communication problem was outside the wide range of competence
demanded of attorneys in criminal cases. Further, Catete has failed to
prove that this alleged deficient performance caused him to enter a
guilty plea. We overrule Catete's voluntariness issue.

 The judgment of the trial court is AFFIRMED. 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and 

filed this the 26th day of October, 2000.

 

1. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2000).
2. After filing an Anders brief, Catete's first appellate counsel was
allowed to withdraw. He was replaced by a second appellate counsel
who filed an amended brief arguing that Catete was denied his
constitutional right to assistance of counsel during a critical period
when a motion for new trial could have been filed. Subsequently, the
second appellate counsel sought to withdraw after accepting a new
position as assistant district attorney, and a third counsel was
appointed. With leave of this Court, Catete's third counsel filed a
supplemental brief addressing the voluntariness of his plea as it was
impacted by alleged ineffective assistance of counsel.
3. Catete's claim that he was denied his constitutional right to
assistance of counsel during the critical period when a motion for new
trial could have been filed, does not raise a jurisdictional issue, for it is
merely a contention of the deprivation of a constitutional guarantee. 
See Godbehere v. State, 882 S.W.2d 57, 58 (Tex. App.--Amarillo 1994,
no pet.) (citations omitted). Thus, it is not preserved by a general notice
of appeal. See id.
4. Catete further complains that his trial counsel failed to continue
to consult with and advise him after the plea, to assure his concerns
regarding his plea were addressed to the appellate courts. However,
Catete had already entered his plea before this alleged failure occurred. 
Therefore, while this complaint goes to Catete's ineffective assistance
of counsel claim, it could not have been a factor in the voluntariness of
Catete's plea. See Marshall, No. 2000 Tex. LEXIS, at *8 n.5 (not all
ineffective assistance claims impact on voluntariness) (citing Flowers v.
State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996); Moore v. State, 4
S.W.3d 269, 272 (Tex. App.--Houston [14th Dist.] 1999, no pet.)
(distinguishing claim of ineffective assistance, which court had no
jurisdiction to review because of defendant's failure to comply with rule
25,2(b)(3) from claim of involuntariness which can always be
challenged on appeal as fundamental right); see also Akridge v. State,
13 S.W.3d 808, 809 (Tex. App.--Beaumont 2000, no pet.) (same)). 
Because Catete filed a general notice of appeal, this Court does not have
jurisdiction to consider this specific contention. See Tex. R. App. P.
25.2(b)(c).