NUMBER 13-99-632-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 



JIMMY WELLS , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 28th District Court

of Nueces County, Texas.

____________________________________________________________________ 



O P I N I O N

 

Before Chief Justice Seerden and Justices Dorsey and Rodriguez 

Opinion by Chief Justice Seerden

 

 Appellant Jimmy Wells was indicted for indecency with a child. Wells signed a judicial confession and pleaded guilty
in exchange for a three year sentence. The trial court found Wells guilty and imposed sentence in accordance with the
plea agreement. Wells appeals his conviction in three separate issues. In his first issue, Wells contends that he was
deprived of his constitutional right to representation. Second, Wells argues that he was denied effective assistance of
counsel. Finally, Wells contends that his plea was involuntary. In response, the State contends that the appellate
record contains no evidence rebutting the presumption that Wells's trial attorney effectively represented him during
post-judgment proceedings, and that the record fails to substantiate Wells's claim that his plea was involuntary. We
affirm. 

Jurisdiction

 Appellant brings this appeal from a plea bargain to a felony offense, and the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant. Appellant filed only a general notice of
appeal, and thus failed to comply with the specific notice requirements of rule 25.2(b)(3) of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 25.2(b)(3). In felony offenses involving an agreed plea of guilty where the
punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a notice
of appeal must specify that (1) the appeal is for a jurisdictional defect, (2) the substance of the appeal was raised by
written motion and ruled on before trial, or (3) the trial court granted permission to appeal. See Tex. R. App. P.
25.2(b)(c). Because appellant appeals a judgment rendered on a plea of guilty pursuant to a plea bargain, and the
punishment assessed was within the range agreed to by the prosecutor and the defendant, we must consider the
threshold issue of whether appellant's general notice of appeal is sufficient to confer jurisdiction on this Court. 

 On appeal, appellant does not assert any jurisdictional defects in the proceedings below. See Tex. R. App. P.
25.2(b)(3)(A). Appellant's claim that he was denied his constitutional right to assistance of counsel during the critical
period when a motion for new trial court could have been filed does not raise a jurisdictional issue. See Godbehere v.
State, 882 S.W.2d 57, 58 (Tex.App.--Amarillo 1994, no pet.)(citations omitted). Thus, this issue is not preserved by a
general notice of appeal. Id. Further, appellant does not contend that his appeal arises from an issue raised by written
motion and ruled on before trial. See Tex. R. App. P. 25.2(b)(3)(B). Finally, appellant's notice of appeal does not
state that the court granted him permission to appeal. See Tex. R. App. P. 25.2(b)(3)(C). 

 We conclude that appellant's general notice of appeal fails to comply with the specific notice requirements of the
appellate rules. However, a plea bargaining defendant who has failed to comply with the notice requirements of this
rule can nevertheless challenge the voluntariness of his plea. See Marshall v. State, 28 S.W.3d 634, 637
(Tex.App.--Corpus Christi 2000, no pet.). Therefore, although we do not have jurisdiction to address appellant's
claims insofar as they concern ineffective assistance of counsel, we do have jurisdiction over a claim of involuntariness
of the guilty plea, and will proceed to address that issue on the merits. 



Applicable Law

 To succeed on a claim that his plea was involuntary due to ineffective assistance of counsel, appellant must
demonstrate from the record that (1) counsel's assistance was outside the range of competence demanded of attorneys
in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded
guilty and would have insisted on going to trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Ex Parte
Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). A reasonable probability is a probability sufficient to
undermine confidence in the outcome. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 

 The determination regarding whether a defendant received effective assistance of counsel must be made according to
the facts of each case. Id. An appellate court looks to the totality of the representation and the particular circumstances
of the case in evaluating the effectiveness of counsel. Id.

 The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. Id. at
813. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. To defeat the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851
(1997). 

 Before a plea of guilty or plea of nolo contendere may be accepted by the court it must be freely and voluntarily given
by a mentally competent defendant. Tex. Crim. Proc. Code Ann. art. 26.13(b) (Vernon Supp. 2000). The
constitutional validity of a guilty plea made upon the advice of counsel depends on whether counsel's performance was
reasonably competent, rendering a defendant effective representation during the particular proceedings. Ex parte
Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). A defendant's election to plead guilty or nolo contendere when
based upon erroneous advice of counsel is not done voluntarily and knowingly. Id. 

Analysis

 In the instant case, the record from the plea hearing shows that appellant told the court that he understood the
proceedings that were taking place. Appellant stated that the court's written admonishments, including the
supplemental admonishments, had been explained to him and confirmed that his signature appeared in three separate
places on those documents. Appellant admitted that he was pleading guilty because he was in fact guilty, that no one
had forced him to enter the plea, and that he was entering the plea freely and voluntarily. Appellant executed a judicial
confession and stipulation, and told the court that he had reviewed the documents attached to his confession. He
acknowledged that his signature appeared on the first page of the confession. The court explained that the plea
agreement involved incarceration for three years in the Texas Department of Criminal Justice, and appellant confirmed
that was also his understanding of the agreement. Although given an opportunity to make a statement to the court prior
to the imposition of sentence, appellant did not further address the court. 

 During the pendency of this appeal, this Court remanded the matter to the trial court for a determination of whether
appellant wanted to proceed with his appeal and whether he was entitled to proceed as an indigent. At that hearing,
appellant's attorney sought to adduce evidence pertaining to the voluntariness of Wells's plea. The judge, who was not
the same judge that heard appellant's original plea, questioned appellant about the voluntariness of his plea. The judge
further allowed appellant's attorney to briefly address the issue on the record, but did not allow counsel full latitude to
develop a record regarding the voluntariness of appellant's plea. 

 The trial court confirmed that appellant was represented by counsel when he entered his plea, and that appellant did
not tell the judge who heard his plea that he was displeased with counsel's representation. The court asked appellant if
he understood the plea proceedings, to which question appellant responded "kind of, sort of, yes sir," and "yes and no." 
Appellant told the judge that he understood what the judge who accepted the plea had told him. 

 In response to questioning from his attorney, appellant testified that he graduated from high school in a special
education program. Appellant testified that although he could read "certain things," he sometimes did not understand
what they meant. Appellant's attorney explained pertinent documents to him "real fast," did not go through the
documents paragraph by paragraph, and instructed him to sign the documents. Appellant testified that his attorney did
not "really" explain the charges against him, that "he did, but he didn't." Appellant stated that his attorney visited him
in jail for approximately ten minutes, and told him that he "didn't have a chance." Appellant did not know if his
attorney had conducted an investigation, contacted any witnesses, or reviewed his presentence investigation report. The
trial court refused to allow additional testimony pertinent to the voluntariness issue on grounds that the purpose of the
hearing was to determine the status of Wells's appeal and whether he was indigent. 

 The record before this Court does not establish the content or the extent of communications between Wells and his
trial attorney, the extent of his attorney's investigation and trial preparation, or the degree to which Wells may have
been unable to comprehend the pertinent documents or the proceedings at issue. Under these circumstances, in light of
the record and the presumption that counsel's performance was reasonably professional, we cannot conclude that Wells
received ineffective assistance of counsel rendering his plea involuntary. See Gottson v. State, 940 S.W.2d 181,
185-86 (Tex.App.--San Antonio, 1996, pet. ref'd). 





Conclusion

 We are limited to the record before us on direct appeal. SeeThompson, 9 S.W.3d at 814-15 (contrasting direct appeals
and habeas proceedings in cases involving ineffective assistance). Given the record before us, we determine that
appellant has not met his burden to prove that trial counsel's representation fell below an objective standard of
reasonableness and that this deficient performance caused him to enter a guilty plea. 

 The judgment of the trial court is affirmed. 



 

ROBERT J. SEERDEN, Chief Justice 



Do not publish . 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 28th day of December, 2000.