**Eyo EBIANA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–01–177–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 16, 2002.

J. Martin Clauder, Attorney At Law, Gonzales, for Appellant.

Frank Follis, Asst. Dist. Atty., W.C. Kirkendall, Dist. Atty., Sequin, for State.

Before Justices DORSEY, YAÑEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

Pursuant to a plea-bargain agreement appellant, Eyo Ebiana, pleaded guilty to one count of aggravated sexual assault and two counts of indecency with a child. The court deferred adjudication of guilt and sentenced him to ten years' deferred adjudication community supervision. The State filed a motion to adjudicate guilt, alleging that appellant violated terms and conditions of probation. After a hearing the trial court adjudicated appellant's guilt and sentenced him to prison for twenty-five years on the aggravated sexual assault count and twenty years on each of the indecency with a child counts. Appellant attempts to appeal after his guilt was adjudicated and bases his complaints on errors occurring in his original plea. He argues that the trial court erred in failing to find that a conflict of interest existed between him and his trial counsel when he originally pleaded guilty. We dismiss the appeal for want of jurisdiction.

### I. BACKGROUND

Attorney Forrest Penney was appointed to represent Carolyn Ussery on a motion to revoke her probation. On October 29, 1998, while representing Ussery, he was appointed to represent appellant on one count of aggravated sexual assault and two counts of indecency with a child. The victims of these crimes are Ussery's children.

On April 8, 1999, the trial court signed an order dismissing the motion to revoke Ussery's probation. And, on April 13, 1999, appellant pleaded guilty to the offenses of aggravated sexual assault and indecency with a child. Penney represented appellant in his plea of guilty and later at the hearing on the revocation of his probation. After appellant was adjudicated guilty and sentenced to prison, Penney filed a motion for new trial.

Penney withdrew as appellant's counsel, and the trial court appointed attorney Martin Clauder to represent appellant. Clauder filed an Amended Motion for New Trial and Motion to Set Aside Plea, alleging ineffective assistance of counsel. Specifically, appellant alleged that his former attorney, Forrest Penney, had an unwaived conflict of interest because he simultaneously represented appellant and Carolyn Ussery, who was the mother of the children on whom appellant is alleged to have committed the sexual assaults. Appellant argued that the trial court should set aside his plea because this conflict existed prior to his original plea of guilty, when Penney had the duty to appellant of investigating Ussery, his other client.

### Hearing On Motion For New Trial

Appellant called Forrest Penney to testify at this hearing. Penney testified that while representing Carolyn Ussery he discovered that she was going to be the chief witness against appellant. He disclosed this fact to appellant and asked him if he wanted him to withdraw as counsel from appellant's case. Appellant did not want him to withdraw. The trial court denied the motion for new trial.

### II. JURISDICTION

Appellant complains that the trial court erred in failing to find that a conflict of interest existed between appellant and trial counsel, which adversely affected appellant prior to and at the time of his plea of guilty. Specifically, his complaint is that he received ineffective assistance of counsel, because trial counsel (1) actively represented Ussery and appellant simultaneously, (2) failed to alert the trial court of the conflict with the result that no hearing was

held, and (3) advised appellant to accept the plea bargain, which avoided the necessity of cross-examining Ussery.

In *Manuel v. State*, 994 S.W.2d 658 (Tex.Crim.App.1999) the issue was whether a defendant, who pleaded guilty to a felony offense, was placed on deferred adjudication community supervision, and was later adjudicated guilty, could then, on appeal, complain of error in the original plea proceeding. In *Manuel*, the accused argued that the evidence adduced at the original plea proceeding was insufficient to prove his guilt. The court of criminal appeals stated that:

> a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed.

*Id.* at 661–62.

The court of criminal appeals has recognized an exception to the above-mentioned rule; if the original judgment imposing probation was void, then the accused could appeal, because "the trial court would have no authority to revoke probation, since, with no judgment imposing probation (because it is a nullity), there is nothing to revoke." *Nix v. State*, 65 S.W.3d 664, 667 (Tex.Crim.App.2001). The *Nix* court said that a judgment is void only in very rare situations—usually due to a lack of jurisdiction. *Id.* The court of criminal appeals has ruled that claims of ineffective assistance of counsel are non-jurisdictional. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim.App.1994) (citing *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App.1981)). Thus the void judgment exception does not apply to the case before this Court.

Here, appellant pleaded guilty and received deferred adjudication community supervision. Any appeal would have aris-

en from the order placing him on deferred adjudication. Based on the holding in *Manuel*, appellant's failure to do so precludes us from now hearing the merits of his complaint. Accordingly we are without jurisdiction to consider the point of error. *See Nix v. State*, 65 S.W.3d 664 (Tex.Crim. App.2001); *Jordan v. State*, 54 S.W.3d 783 (Tex.Crim.App.2001); *Manuel*, 994 S.W.2d at 661–62.

We DISMISS the appeal for want of jurisdiction.