MELTZER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-080-CR

MARIANN MELTZER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant was charged with possession with intent to deliver a controlled substance, methamphetamine, of four grams or more, but less than two hundred grams.  Appellant pleaded guilty pursuant to a plea-bargain agreement and was placed on eight years’ deferred adjudication community supervision.  Appellant did not appeal that order.  

Almost eighteen months later, the State filed a petition to adjudicate guilt based on allegations that Appellant had violated conditions of her community supervision.  After conducting a hearing, the trial court found that Appellant had violated her probation, adjudicated her guilty, and sentenced her to twenty-five years’ confinement. 

In one point, Appellant complains of ineffective assistance of counsel at her original plea. 

After the adjudication of guilt, this court cannot consider challenges to the original proceeding in which an appellant was placed on deferred adjudication community supervision, except for a complaint that the original judgment was void, such as for lack of jurisdiction.  
Nix v. State
, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  The court of criminal appeals has held that a claim of ineffective assistance of counsel is non-jurisdictional.  
Lyon v. State
, 872 S.W.2d 732, 736 (Tex. Crim. App.), 
cert. denied
, 512 U.S. 1209 (1994), 
abrogated on other grounds by Young v. State
, 8 S.W.3d 656 (Tex. Crim. App. 2000); 
Ebiana v. State
, 77 S.W.3d 436, 438 (Tex. App.—Corpus Christi 2002, pet. ref’d).  Therefore, the void judgment exception does not apply in this case.  
See
 
Ebiana
, 77 S.W.3d at 438.

Because Appellant failed to appeal from the order placing her on deferred adjudication community supervision and her sole complaint is now untimely, we are precluded from considering the merits of it.  Accordingly, we dismiss her appeal.

ANNE GARDNER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 17, 2005

FOOTNOTES
1:
Tex. R. App. P.
 47.4.