COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-080-CR
  
  
MARIANN 
MELTZER                                                              APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
was charged with possession with intent to deliver a controlled substance, 
methamphetamine, of four grams or more, but less than two hundred grams.  
Appellant pleaded guilty pursuant to a plea-bargain agreement and was placed on 
eight years’ deferred adjudication community supervision.  Appellant did 
not appeal that order.
        Almost 
eighteen months later, the State filed a petition to adjudicate guilt based on 
allegations that Appellant had violated conditions of her community 
supervision.  After conducting a hearing, the trial court found that 
Appellant had violated her probation, adjudicated her guilty, and sentenced her 
to twenty-five years’ confinement.
        In 
one point, Appellant complains of ineffective assistance of counsel at her 
original plea.
        After 
the adjudication of guilt, this court cannot consider challenges to the original 
proceeding in which an appellant was placed on deferred adjudication community 
supervision, except for a complaint that the original judgment was void, such as 
for lack of jurisdiction.  Nix v. State, 65 S.W.3d 664, 667-68 (Tex. 
Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. 
App. 1999).  The court of criminal appeals has held that a claim of 
ineffective assistance of counsel is non-jurisdictional.  Lyon v. State, 
872 S.W.2d 732, 736 (Tex. Crim. App.), cert. denied, 512 U.S. 1209 
(1994), abrogated on other grounds by Young v. State, 8 S.W.3d 656 (Tex. 
Crim. App. 2000); Ebiana v. State, 77 S.W.3d 436, 438 (Tex. App.—Corpus 
Christi 2002, pet. ref’d).  Therefore, the void judgment exception does 
not apply in this case.  See Ebiana, 77 S.W.3d at 438.
        Because 
Appellant failed to appeal from the order placing her on deferred adjudication 
community supervision and her sole complaint is now untimely, we are precluded 
from considering the merits of it.  Accordingly, we dismiss her appeal.
 
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
 
 
PANEL 
F:   GARDNER, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 17, 2005


NOTES
1.  
Tex. R. App. P. 47.4.