

# NUMBERS 13-07-00167-CR and 13-07-00168-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARQUIES MILLER,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

In this consolidated appeal, Marquise Miller, appellant, challenges his convictions

of one count of indecency with a child in trial court cause number 05-CR-765-G and two

counts of indecency with a child in trial court cause number 05-CR-2009-G.  *See* TEX. PENAL CODE ANN. § 21.11 (Vernon 2003).  After appellant pleaded guilty in both cases, the trial court placed appellant on deferred adjudication community supervision, which the trial court subsequently revoked.  The trial court adjudicated appellant guilty and sentenced him to ten years' confinement in the first case.  A sentence of ten years' confinement for each count in the second case was also assessed and ordered to run concurrently with the first case.  By two issues, appellant appeals his convictions.  We dismiss for want of jurisdiction.

## I. BACKGROUND

After appellant pleaded guilty to indecency with a child, the trial court found that appellant's guilt was substantiated by evidence presented, appellant's plea of guilty, and appellant's judicial confession.  Thereafter, in accordance with the terms of a plea agreement, the trial court deferred adjudication of guilt and placed appellant on community supervision for ten years in each case, to run concurrently.  Appellant did not appeal from the trial court's judgment imposing deferred adjudication community supervision.

Subsequently, the State filed motions requesting that the trial court revoke appellant's community supervision and adjudicate appellant guilty of the original charges in both cases.  After a hearing on the motions, the trial court found that, based on appellant's pleas of true[1] and the evidence presented, appellant had violated the terms of community supervision.  The trial court revoked appellant's community supervision and

---

[1] Appellant pleaded "true" to the following allegations:  the commission of a crime (driving with a suspended license); failing to meet the attendance requirements of his sex offender treatment program; and failing to pay court costs and supervision fees.  Appellant pleaded "not true" to the allegations that he had contact with his children and that he had unsupervised visits with a minor.

adjudicated him guilty of indecency with a child in both cases.[2]  This appeal ensued.

## II. JURISDICTION

By his first issue, appellant contends that the evidence presented by the State at the original proceeding where he pleaded guilty was insufficient to support the trial court's finding of guilt in count two of trial court cause number 05-CR-2009-G, and therefore, his conviction on that count violates article 1.15 of the code of criminal procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005).  By his second issue, appellant contends that his guilty plea in both cases was involuntary due to his trial counsel's ineffective representation.  The State responds that this Court lacks jurisdiction to consider the issues. We agree.

In *Manuel v. State*, the Texas Court of Criminal Appeals addressed whether a defendant, after pleading guilty to a felony offense, placed on deferred adjudication community supervision, and then later adjudicated guilty, may complain of error in the original plea proceeding.  994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  In that case, the court of criminal appeals concluded that a defendant, placed on deferred adjudication community supervision, may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed.  *Id.*; *Ebiana v. State*, 77 S.W.3d 436, 438 (Tex. App.–Corpus Christi 2002, pet. ref'd); *Clark v. State*, 997 S.W.2d 365, 368 (Tex. App.–Dallas 1999, no pet.) (concluding that a "defendant must appeal the voluntariness of his plea at the time

---

[2] In cause number 05-CR-2009-G, the trial court assessed punishment for count one at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice to run concurrently with a sentence of ten years' confinement for count two.  In cause number 05-CR-765-G, the trial court sentenced appellant to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice to run concurrently with the sentences imposed in cause number 05-CR-2009.

he is placed on deferred adjudication probation and cannot wait until he is adjudicated to bring this issue"); *see also Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001) (finding that the voluntariness of a guilty plea may not be raised on appeal from a plea-bargained, felony conviction). Deferred adjudication defendants may not wait until the trial court revokes community supervision to appeal matters related to their original plea proceedings. *See Manuel*, 994 S.W.2d at 661-62. An exception to the above rule involves complaints rendering the judgment void. *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). Claims of ineffective assistance of counsel and involuntary pleas are non-jurisdictional; thus, these complaints, even if true, do not render the judgment void. *See Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001) ("An 'involuntary plea' does not constitute one of those rare situations [rendering a judgment void]."); *Ebiana* v. State, 77 S.W.3d 436, 438 (Tex. App.–Corpus Christi 2002, pet. ref'd) ("The court of criminal appeals has ruled that claims of ineffective assistance of counsel are non-jurisdictional.") (citing *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994));

Here, appellant complains of the evidence produced at the original plea proceeding and of the voluntariness of his plea due to the ineffective assistance of counsel. Appellant was required to raise these complaints, related to the original plea proceeding, in an appeal taken when deferred adjudication community supervision was first imposed. *See Manuel*, 994 S.W.2d at 661-62. An appeal on these grounds should have been commenced within thirty days of the trial court's judgment deferring appellant's guilt and placing him on community supervision. *See id.*; *see also* TEX. R. APP. P. 26.2(a)(1). No notice of appeal

4

was filed from that judgment.[3]   Because appellant did not timely appeal from the trial court's judgment deferring his guilt, this Court does not have jurisdiction to review his complaints regarding the original plea proceeding.  *See Manuel*, 994 S.W.2d at 661-62.

## IV.  CONCLUSION

Accordingly, we dismiss appellant's appeals for want of jurisdiction.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 26th day of June, 2008.

---

[3] The trial court placed appellant on deferred adjudication community supervision on September 29, 2005.  The trial court revoked appellant's community supervision and adjudicated him guilty on February 27, 2007.