

# NUMBER 13-17-00398-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JAMES ANDREW BECKER,**                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

---

### On appeal from the 258th District Court
### of Polk County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant James Andrew Becker appeals his conviction for indecency with a child

by contact, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.11(a)(1) (West,

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this appeal was transferred to this Court from the Ninth Court of Appeals in Beaumont, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

Westlaw through 2017 1st C.S.).   Appellant pleaded guilty and was placed on deferred-adjudication community supervision for ten years.   The trial court later revoked appellant's community supervision, adjudicated appellant guilty, and sentenced appellant to ten years' imprisonment in the Texas Department of Criminal Justice–Institutional Division.   By four issues, appellant argues that:   (1) a condition of his community supervision varied from the trial court's oral pronouncement of the plea agreement; (2) another condition was unreasonable, overbroad, and ambiguous; (3) appellant's counsel at the plea proceeding was ineffective; and (4) the evidence supporting revocation was insufficient.   We affirm.

## I.   BACKGROUND

The State filed a motion to adjudicate guilt alleging that appellant committed the following violations of his community supervision conditions:   failing to pay fines, fees, and costs; failing to complete community service hours; being at a location where children were likely to be present; attending a party where children were likely to be present; socializing with a person who was the parent of children; residing in a household that included children without written approval; and possessing material which had the potential for sexual arousal.[2]

The trial court held a hearing on the State's motion to adjudicate guilt.   Franklin Lambdin, an acquaintance of appellant, testified that appellant attended multiple functions

---

[2] The State also alleged that appellant committed the offense of resisting arrest, but it abandoned that allegation at the adjudication hearing.

where children were present, including a birthday party. Lambdin also saw a photograph of appellant at the zoo. Lambdin stated that he viewed a photograph on appellant's phone which depicted appellant's nude wife in the bathtub with appellant's young daughter.

Appellant's wife Jessica Becker testified that she, appellant, and their two children, lived with appellant's mother. Jessica stated that she and appellant went to various locations where other children were present, including the zoo, museums, and a birthday party.

Mary Barker, a community supervision officer, testified that appellant was provided the written conditions of his community supervision, which he signed. According to Barker, appellant never requested permission to attend an event where children would be present. Neither did appellant request permission to live in a home where children resided. Barker asserted that appellant did not pay any fees, fines, or court costs. Appellant also did not complete any community service hours.

Appellant testified that he was unable to pay fines, fees, or costs because he was unemployed and lacked transportation to look for work. Appellant maintained that he did not know he was prohibited from living with his own children.[3] He denied possessing any pornographic material on his phone.

The State recalled Jessica as a rebuttal witness. After the trial court admitted

---

[3] The offense to which appellant pleaded guilty, and which gave rise to the community supervision order, was committed against his biological daughter from a previous relationship.

3

appellant's cell phone into evidence, Jessica identified a video on the phone that depicted her having intercourse with appellant.

The trial court found the alleged community supervision violations to be true, revoked appellant's community supervision, and adjudicated appellant guilty. This appeal followed.

## II. DISCUSSION

### A. Conditions of Community Supervision

By his first three issues, appellant raises complaints regarding the conditions of his community supervision. Appellant contends that certain conditions were ambiguous and contradictory to the trial court's oral pronouncement at the original plea proceeding. Appellant also maintains that the condition prohibiting him from possessing material having the potential for sexual arousal is unreasonable, overbroad, and ambiguous.[4] Relatedly, appellant argues that he received ineffective assistance of counsel during the plea proceedings when his attorney "allowed the written conditions of [appellant's] probation to be ambiguous and [to] not comport with the oral rendition of the judgment."

A defendant placed on deferred-adjudication community supervision may appeal issues relating to the original plea proceeding only in appeals taken when community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). The primary exception to the *Manuel* rule is the "void judgment exception," *Nix v.*

---

[4] The pertinent condition provides as follows: "You shall not possess any photographs, drawings, magazines or other printed or electronic material, motion pictures, video recordings or audio recordings having potential for sexual arousal."

*State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001) (en banc), but this exception does not embrace any of the issues raised by appellant. *Id.* at 669; *see Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999) (explaining that if a defendant fails to object to community-supervision conditions when they are imposed, he affirmatively accepts them and is barred from complaining about the conditions for the first time on appeal); *Ebiana v. State*, 77 S.W.3d 436, 438 (Tex. App.—Corpus Christi 2002, pet. ref'd). Rather, a defendant whose community supervision is revoked may not challenge "the validity or invalidity of the terms and conditions of the [community supervision] order entered months or years before." *Brooks v. State*, 153 S.W.3d 124, 128 (Tex. App.—Beaumont 2004, no pet.) (citing *Corley v. State*, 782 S.W.2d 859, 860 (Tex. Crim. App. 1989); *Hawkins v. State*, 112 S.W.3d 340, 343 (Tex. App.—Corpus Christi 2003, no pet.)).

Each of appellant's complaints relate to the original plea proceeding when the conditions of community supervision were first imposed. Such complaints cannot be reviewed on appeal from the trial court's revocation of community supervision. We overrule appellant's first three issues.

## B.    Sufficiency of the Evidence

By his fourth issue, appellant argues that the evidence supporting revocation was insufficient.

### 1.    Standard of Review

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(b)

5

(West, Westlaw through 2017 1st C.S.). When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). "[A] preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). A single violation is sufficient to support the trial court's decision to revoke community supervision. *Bessard v. State*, 464 S.W.3d 427, 429 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)).

### 2. Analysis

Appellant was required to complete 200 hours of community service at a rate of eight hours each month. Appellant's community supervision officer testified that

appellant did not complete any community service hours. Appellant was also prohibited from going to premises where children commonly gathered, unless appellant, among other requirements, received written permission. The community supervision conditions explicitly highlighted a zoo as one such location. There were multiple witnesses, including appellant himself, who stated that appellant regularly visited locations where children were likely to gather, such as the zoo and birthday parties. Appellant never requested permission to attend such gatherings. Appellant was also prohibited from residing "in any household that includes children 17 years of age or younger until such residence is approved in writing by the sex offender treatment provider, the judge of this Court and [appellant's] community supervision officer." Appellant admitted to residing in a home where children lived without seeking the proper approval. Finally, appellant was prohibited from possessing "any photographs, drawings, magazines or other printed or electronic material, motion pictures, video recordings or audio recordings having potential for sexual arousal." The trial court admitted evidence establishing that appellant possessed sexually explicit material on his cell phone.

At a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). Based on the evidence, the trial court could have reasonably concluded that the State established multiple violations of appellant's community supervision conditions by a preponderance of the evidence. Therefore, the trial court did not abuse its discretion in revoking appellant's community supervision and

7

adjudicating him guilty. *Hacker*, 389 S.W.3d at 865. We overrule appellant's fourth issue.

### III. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of August, 2018.

8