**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00025-CR**
_____

**CORY BRYAN STEWART, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause No. B180110-R**

**MEMORANDUM OPINION**

Cory Bryan Stewart pled guilty to aggravated sexual assault and the trial court placed him on deferred adjudication community supervision. After Stewart violated the terms of his community supervision, the State moved to adjudicate, and Stewart pled "true" to the violations. The trial court ultimately revoked Stewart's community supervision, adjudicated him guilty of aggravated sexual assault and sentenced him to eighteen years of confinement. Stewart appeals and in one issue challenges the voluntariness of his original plea. We dismiss the appeal for want of jurisdiction.

1

**Background**

A grand jury indicted Stewart for aggravated sexual assault involving a child under the age of fourteen. In August 2018, the trial court conducted a hearing regarding Stewart's plea agreement with the State. During the hearing, Stewart initially pled "not guilty." Following a brief recess with his attorney and a lengthy exchange with the trial court, Stewart advised the trial court that he was "[g]uilty" of "[w]hat the indictment says." The trial court then asked whether Stewart understood the paperwork he signed and that by signing it, he was "giving up certain constitutional rights[,]" to which he indicated he did. The trial court further inquired if Stewart understood the range of punishment in the event of conviction, and Stewart said he understood. Stewart's signed plea admonishments, punishment recommendation, and sex offender registration admonishments were admitted as exhibits during the hearing. The trial court accepted Stewart's guilty plea, and on October 12, 2018, the trial court entered an "Order of Deferred Adjudication" pursuant to the plea bargain agreement placing Stewart on community supervision for a period of eight years. Stewart did not appeal that Order.

After Stewart violated several conditions of his community supervision, on November 22, 2019, the State filed a Motion to Impose Guilt. Thereafter, the trial court conducted a hearing on the State's motion wherein Stewart pled "true" to the allegations regarding his violations. On January 8, 2020, the trial court revoked his

probation, adjudicated him guilty, and sentenced him to eighteen years of incarceration. Following the revocation of his probation and adjudication of guilt, Stewart appealed.

## Analysis

On appeal, Stewart does not challenge the trial court's revocation of his probation or adjudication of guilt, rather he challenges the trial court's acceptance of his underlying guilty plea pursuant to his plea bargain agreement with the State. Specifically, he contends the trial court "abused its discretion in failing to accept appellant's plea of not guilty and to enter a plea of not guilty in minutes of the court." The State counters that since Stewart's complaint is related solely to the original guilty plea, it is not properly raised in this appeal.

Typically, "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding . . . only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *see also* Tex. Code Crim. Proc. Ann. art. 42A.755(e) (defendant's right to appeal "shall be accorded the defendant at the time the defendant is placed on community supervision[]"); *Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014); *Arreola v. State*, 207 S.W.3d 387, 390 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "[A]n appellant will not be permitted to raise on appeal from the revocation of his

3

community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision." *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013) (citation omitted). A recognized exception to this general rule is if the original judgment imposing community supervision was void. *See Ebiana v. State*, 77 S.W.3d 436, 438 (Tex. App.—Corpus Christi-Edinburgh 2002, pet. ref'd) (citation omitted). However, neither an involuntary guilty plea nor an ineffective assistance claim will render the resulting judgment void. *See Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001) (citing *Custis v. U.S.*, 511 U.S. 485, 496–97 (1994) (stating that claims concerning ineffective assistance of counsel and the voluntariness of guilty pleas do not rise to the level of a jurisdictional defect resulting from the failure to appoint counsel at all)). Stewart does not contend the original order placing him on community supervision was void. Therefore, Stewart's complaint regarding the voluntariness of his plea should have been raised when deferred adjudication community supervision was imposed.

"A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Perez*, 424 S.W.3d at 85 (quoting *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996)). However, Stewart did not file a notice of appeal until January 23, 2020, following the trial court's revocation of his community supervision. Because Stewart failed to file a notice of appeal within thirty days of being placed on deferred adjudication community supervision, this appeal

challenging the voluntary nature of his plea is untimely. *See id.*; *see also* Tex. R. App. P. 26.2(a) (setting forth deadline to file a notice of appeal in criminal cases).

## Conclusion

Having determined that Stewart failed to timely file a notice of appeal from the trial court's order placing him on deferred adjudication community supervision, we lack jurisdiction to consider the single issue he raises in his appeal. *See Perez*, 424 S.W.3d at 86. Accordingly, we dismiss his appeal for want of jurisdiction. *See Manuel v. State*, 981 S.W.2d 65, 67 (Tex. App.—Fort Worth 1998), *aff'd*, 994 S.W.2d 658 (dismissing appeal for want of jurisdiction).

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on April 13, 2021
Opinion Delivered December 8, 2021
Do Not Publish

Before Kreger, Horton and Johnson, JJ.